91 A.3d 47

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Charles Ray HICKS, Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 20, 2013.

Decided April 28, 2014.

Elmer D. Christine Jr., Esq., Michael Mancuso, Esq., Bradley Andrew Schmidt, Esq., Monroe County District Attorney's Office, for Commonwealth of Pennsylvania.

Jason Allen LaBar, Esq., Wieslaw T. Niemoczynski, Esq., James Paul Gregor, Esq., Monroe County Public Defender's Office, for Charles Ray Hicks.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.

## *OPINION*

Justice EAKIN.

In this appeal, we consider Pa.R.E. 403 and 404(b). The trial court ruled pre-trial that certain Commonwealth witnesses identified pursuant to Rule 404 would be cumulative, rendering their testimony inadmissible under Rule 403. We conclude this was error, reverse the Superior Court's order, and remand to the trial court.

On January 29, 2008, the dismembered body of Deanna Null was discovered in seven garbage bags strewn along Pennsylvania Routes 80 and 380. After receiving information that Null was last seen riding with appellee Hicks, police interviewed him; he admitted smoking crack cocaine with Null in the past and giving her money and drugs in exchange for sex. After finding blood on a pair of boots in the trunk of appellee's car, police searched his residence and discovered Null's hands wrapped in socks and coated with laundry detergent. Appellee was arrested and charged with criminal homicide, aggravated assault, tampering with or fabricating physical evidence, and abuse of a corpse.[1] The Commonwealth sought the death penalty.

Prior to trial, the Commonwealth provided notice under Pa.R.E. 404(b)[2] of its intent to present evidence of "prior bad

1. Respectively, 18 Pa.C.S. §§ 2501(a), 2702(a)(1), 4910(1), and 5510.

2. The rule provides:

(b) Crimes, Wrongs or Other Acts.
*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

acts" through several named witnesses. The Commonwealth stated the basis for this testimony would be:

> to establish defendant's motive for the present offense, his method or *modus operandi* for the commission of the present offense, to establish his identity as the perpetrator of the present offense, the absence of any accident or mistake as the cause of the victim's death in the present offense, and/or proof of a common plan or scheme on the part of the defendant to victimize prostitutes or women engaging in prostitution to satisfy their addictions to controlled substances, such as the victim of the present offense, Deanna Null.

Commonwealth's Rule 404(b) Notice, 3/26/10, at 1–2. The Commonwealth did not detail their individual testimony, but added that appellee admitted to one of the witnesses he had a problem hurting prostitutes. Appellee moved to exclude the testimony, asserting the Commonwealth failed to state the basis for admissibility. Upon request by the trial court, the Commonwealth submitted offers of proof for each of its proposed witnesses, including corroborative police reports from other jurisdictions.

The evidentiary notice and challenge thereto were properly made under Rule 404(b). The trial court found similarity between the anticipated facts and the offers of proof for three of the witnesses, constituting evidence of a "common scheme" under Rule 404(b)(2); it ruled the evidence admissible under then-Rule 404(b)(3) [3] because: (1) the evidence had particular relevance due to the circumstantial nature of the case; (2) the cause and manner of death were at issue; and (3) any prejudice could be mitigated by limiting the scope of testimony to

> *(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

*Id.*

3. When these issues were litigated, Rule 404(b)'s balancing test was listed under a separate subheading; on March 18, 2013, it became part of Rule 404(b)(2).

establish a common scheme. As to the remaining four witnesses, the trial court concluded "their testimony would be repetitive of the testimony of [the three admitted witnesses] ... and as such, its prejudicial effect would outweigh its probative value." Trial Court Opinion, 7/14/11, at 15.

Thus, the court ruled the witnesses' testimony admissible under Rule 404, but also found some of it would be cumulative, and excluded it under Rule 403. The latter provides: "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

The Commonwealth appealed, arguing "the lower court was premature in deciding which of its proffered witnesses could be utilized." Commonwealth's Rule 1925(b) Statement, 8/8/11, at 2. The court filed a Rule 1925(a) opinion, explaining it found the proposed testimony of the excluded witnesses *insufficiently similar* for admission—it was not deemed to show a "common scheme" under Rule 404(b). This facially contradicted its prior ruling, that the evidence was essentially *too similar* and therefore "cumulative" under Rule 403. *See* Trial Court Opinion, 8/19/11, at 6–8 (citations omitted).

Despite their manifest inconsistency, the Superior Court treated the conflicting rationales of the trial court as merely alternative bases for exclusion. The court noted that, as the comment to Rule 404(b)'s pre-trial notice requirement states, the purpose of the requirement is "to give the defendant reasonable time to prepare an objection to J such evidence[,]" the trial court did not err in making a pre-trial determination of admissibility. *Commonwealth v. Hicks,* No. 1977 EDA 2011, unpublished memorandum at 10, 53 A.3d 932 (Pa.Super. filed June 18, 2012) (emphasis omitted) (citation omitted). The court opined it is not only reasonable, but "desirable for [a] defendant to raise such objection prior to trial rather than waiting until the time of trial when such objections could hamper the Commonwealth's presentation to the fact-finder and cause further delay." *Id.,* at 10 n. 1. The court also

rejected the Commonwealth's argument that it could not know which witnesses it would be able to obtain for trial, stating "[t]he Commonwealth merely wishes to have a greater pool of potential witnesses from which to draw[,]" but "[t]he depth of that pool is immaterial ... if the court determines that the testimony of any member of that pool is otherwise inadmissible." *Id.*, at 11.

The Commonwealth petitioned for allowance of appeal, which we granted to address the muddled application of Rules 403 and 404(b), and to determine whether rulings limiting or specifying which witnesses a party may call are appropriate for pre-trial consideration. The Commonwealth argues "needless presentation of cumulative evidence" cannot be determined before trial because cumulative evidence is " 'additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence[,]' " and before trial, no evidence has been presented, and no facts have been established. Commonwealth's Brief, at 20 (quoting *Commonwealth v. G.D.M.*, 926 A.2d 984, 989 (Pa.Super.2007)).[4] It argues that the practicalities of a case like this make it nigh impossible to know which potential witnesses it will be able to call at trial; as such, a court can only speculate whether potential testimony will be cumulative or not.

Pointing to *In re Paoli Railroad Yard PCB Litigation*, 916 F.2d 829 (3d Cir.1990), the Commonwealth urges us to adopt the approach taken by the Third Circuit Court of Appeals. There, the court opined Federal Rule of Evidence "403 is a trial-oriented rule[,]" so "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are therefore unfair and improper." *Id.*, at 859 (footnote omitted). Accordingly, the court held "in order to exclude evidence under Rule 403 at the pretrial stage, a court must have a record complete enough on the point at issue to be considered a virtual surrogate for a trial record."

4. The Commonwealth cites various authorities to support its argument that the excluded testimony is not cumulative. Likewise, appellee argues at length why the excluded testimony does not constitute permissible Rule 404(b) testimony. While these arguments may be appropriate on remand, they are largely irrelevant to our ruling.

*Id.*, at 859–60. The Commonwealth argues this precedent is persuasive, emphasizing the similarities between the two rules both in language and in purpose.[5]

The Commonwealth explicitly objects to the trial court's preclusion of specific witnesses. It emphasizes the government's right to prove its case by evidence of its choosing, citing *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).[6] It also notes we have disapproved of judicial attempts to alter evidence of motive, mindful of the heavy burden the Commonwealth bears. Appellee counters that the trial court's decision must be reviewed for abuse of discretion. Although he concedes "[a] pre-trial evidentiary ruling could be an abuse of discretion because it was premature," Appellee's Brief, at 8, he appears to contend the court did not abuse its discretion, as the Commonwealth had ample time to investigate and inform the court of the issues, and the trial court was familiar with the pre-trial record.

Appellee suggests the trial court actually based its ruling on Rule 404(b), not Rule 403.[7] He contends Rule 404(b)'s notice provision "in essence contemplates that a court may make a pretrial determination[,]" Appellee's Brief, at 8, noting, prior to the 2013 revision, the comment to that provision stated "[i]ts purpose is to prevent unfair surprise, and to give the defendant reasonable time to prepare an objection to, or ready

5. Other than the federal rule's use of the word "substantially", the two rules are identical. *Compare* Pa.R.E. 403, *with* F.R.E. 403. This adjective may affect the result of the balancing test but does not affect the purpose or application of the Rule.

6. There, the United States Supreme Court reversed a conviction under 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a felon, because the district court refused to accept a stipulation the accused had a felony conviction. The Court discussed, in detail, why prosecutors must generally be permitted to choose their own evidence, though it ultimately concluded those reasons had "virtually no application when the point at issue is a defendant's legal status. . . ." *Old Chief*, at 190, 117 S.Ct. 644.

7. Even though the court later revised its reasoning, the order appealed expressly ruled the testimony was inadmissible "pursuant to Pa.R.E. 403[,]" not Rule 404. Trial Court Opinion, 7/14/11, at 15. At argument, appellee's counsel conceded the Rule 403 determination for needlessly cumulative evidence should be deferred until trial. Indeed, Rule 404 makes no mention of cumulative evidence.

a rebuttal for, such evidence." Pa.R.E. 404 cmt. section (b) (rescinded and replaced March 18, 2013). Appellee also notes the comment indicates the notice provision is the same as its federal counterpart, F.R.E. 404(b), and the Advisory Committee Note to the federal rule provides " '[n]othing in the amendment precludes the court from requiring the government to provide it with an opportunity to rule *in limine* on 404(b) evidence before it is offered or even mentioned during the trial.' " Appellee's Brief, at 9 (quoting F.R.E. 404(b), Advisory Committee Note to 1991 Amendment).

Appellee contends the advance ruling here saved "time, effort, and trial preparation costs[,]" as the defense would have needed to investigate all the witnesses and prepare impeachment evidence for each, "a significant burden for any defendant, but especially one defended by a public defender, who has limited resources." *Id.,* at 9–10. Further, appellee notes, pre-trial disposition of motions prevents delay and disruption during trial and also provides time for the trial court to research the issue and author an opinion for the benefit of the appellate court. He also states a pre-trial ruling "aids an efficient and fair trial by giving the opportunity for curing defects that prevent admissibility" and allows the Commonwealth to appeal an adverse ruling, which cannot be done once a jury is sworn. *Id.,* at 10 (citation omitted). On the other hand, delaying Rule 404(b) determinations until trial allows prosecutors to mention during opening statements testimony of prior bad acts that may be excluded later, causing unfair prejudice to the defendant. Appellee also argues if Rule 404(b) testimony was ruled inadmissible only after being presented to the jury, the resulting prejudice would be so great that "[a] mistrial, in all likelihood, would be necessary." *Id.,* at 11.

■ Generally, evidentiary decisions are left to the trial court's discretion and will not be reversed absent a clear abuse of that discretion. *Commonwealth v. Edwards,* 588 Pa. 151, 903 A.2d 1139, 1156 (2006) (citation omitted). This appeal, however, presents a pure question of law, dealing with the process of determining admissibility: whether the rules' bal-

ancing test should be conducted before trial. Thus, the governing standard of review is *de novo* and our scope of review is plenary. *Pocono Manor Investors, LP v. Pennsylvania Gaming Control Board,* 592 Pa. 625, 927 A.2d 209, 216 (2007) (citation omitted).

■ Here, the trial court excluded proffered testimony pretrial pursuant to Rule 403, a rule that, as explained *infra,* is generally not susceptible to accurate pre-trial evaluation. Unlike other rules of evidence, Rule 403 requires a trial court to weigh probative value and prejudice—the costs and benefits of relevant evidence—viewing it as part of a whole and not in isolation. Inherent in the rule is the assumption that the court has an adequate record, one that will mirror or provide great insight into what will develop at trial. In the majority of cases, and particularly manifested in this one, the trial court has no way of knowing beforehand exactly what evidence will be presented at trial. Depending on the case and the inevitable vagaries of litigation, the pre-trial record may be entirely different than the record that eventuates as matters unfold. Even if the evidence the parties intend to present is set, a trial rarely follows the anticipated script. The actual value of evidence may differ substantially from pre-trial expectations, depending on all manner of factors, such as the availability, appearance, memory, or demeanor of a witness, admissions on cross-examination, the defense theory, or the defendant's decision whether or not to testify. Even a relatively developed pre-trial record will be of limited utility in predicting the probative value or prejudice a particular piece of evidence will ultimately have.

■ Therefore, the ruling is better deferred until the situation is clear, not speculative. As stated by the United States Supreme Court, Rule 403 "requires a fact-intensive, context-specific inquiry." *Sprint/United Management Company v. Mendelsohn,* 552 U.S. 379, 388, 128 S.Ct. 1140, 170 L.Ed.2d 1 (2008). Since the pre-trial record will almost necessarily be inadequate for making a decision based on an as-yet unknown trial tableau, we agree with the Third Circuit Court of Appeals

that Rule 403 is a "trial-oriented rule." *See In re Paoli Railroad Yard PCB Litigation,* at 859.

■ Instead of analyzing Rule 403, appellee and the Superior Court focus their attention on Rule 404(b). In fact, Rule 404(b)(2) deals with *admitting* otherwise impermissible evidence, while Rule 403 deals with *excluding* otherwise relevant evidence, and each contains the balancing test language, which simply reaffirms its applicability regardless of whether one is considering a motion to admit or a motion to exclude the evidence.[8]

■ We agree that Rule 404(b)'s notice provision is designed to prevent unfair surprise and give defendants time to prepare an objection or rebuttal. Appellee suggests, and the Superior Court concluded, that given this language, the trial court's course of action was "entirely appropriate." *Hicks,* at 10. Insofar as the court decided whether the evidence in the notice met Rule 404(b)(2)'s requirements for admissibility, this is correct. However, a pre-trial determination that some of the evidence was inadmissibly cumulative, necessarily made under Rule 403, was in error.

Pre-trial resolution of evidentiary matters generally increases the efficiency of the trial process, but the balancing tests under Rule 403 and Rule 404(b) do not present a purely legal question. Probative value and prejudice are conjoined in the sense that if evidence is probative at all, it is necessarily prejudicial to one side or the other—if evidence has no probative value, it ought not be admitted in the first place, and this can usually be determined before trial. The balancing inquiry, however, is a fact- and context-specific one that is normally dependent on the evidence actually presented at trial. The value of evidence is obviously a fluid notion, and the prejudi-

---

**8.** Whether evidence of a prior bad act is admissible under Rule 404 is a straightforward relevance test that can be assessed by analyzing the charges, the proffered testimony, and evidence available to support the offer of proof. Challenges to proffered Rule 404(b) testimony may be more accurately determined pre-trial—whether the requirements of admissibility are satisfied—which allows the parties to anticipate the evidence without unfair surprise, advancing the interest of a fair and expeditious trial.

cial effect of the evidence is likewise in flux as matters progress. Clearly, a deferred, correct decision is better than an early, incorrect one.

Although we hold the balancing of probative value and prejudice is normally better left for trial, we do not intend to preclude all such pre-trial determinations. A court may properly exclude—pre-trial—evidence under the balancing test that, while relevant, carries an unusually high likelihood of causing unfair prejudice and minimal probative value regardless of the evidence ultimately presented at trial. There may also be cases where the pre-trial record is sufficiently developed and the evidence to be presented is sufficiently certain to allow the trial court to intelligently and accurately balance the interests involved. However, these scenarios are exceptions rather than the rule and, as this case demonstrates, are exceedingly unlikely to apply to assessments of the cumulative nature of potential testimony; thus, we caution against pre-trial Rule 403/404(b) balancing assessments unless the trial court finds it manifestly appropriate.[9]

Here, despite the Commonwealth's uncertainty regarding which witnesses it would eventually call at trial,[10] the trial court chose to undertake an assessment of specific proffered testimony, finding it would be needlessly cumulative. The court unfortunately did not provide analysis of why it chose the four witnesses it deemed to be the cumulative ones. Significant to the present matter, the court did not conclude any of the named witnesses were inadmissible under Rule 404(b).

Whether the Commonwealth would be able to procure testimony from *any* of its proffered witnesses was (and remains) far from certain. Ms. Alston, Ms. Lovell, and Ms. Chavez—

9. A pre-trial ruling on admissibility may help define the issues and the potential evidence, but the court retains the discretion to modify its ruling as circumstances develop or as the evidence at trial diverges from that which was anticipated.

10. The notice required by Rule 404(b)(3) must aver the "general nature" of the evidence; thus, the notice never addressed availability for trial. Indeed, any such statement would have been, at that stage, disingenuous.

the witnesses the trial court did not rule to be cumulative—were admitted crack-cocaine users and suspected prostitutes. Commonwealth's Offer of Proof, 4/27/11, at 2–4, 6. Ms. Chavez and Ms. Lovell, along with excluded witnesses Ms. Muhammad—who was also a suspected prostitute—Ms. Phillips, and Ms. Downing, were believed to be residents of Texas; Ms. Lovell lived in Virginia, and Ms. Hicks's last known address was in Illinois. *Id.,* at 1–6. Under these circumstances, the Commonwealth may be excused for not vouching which, if any, of these potential witnesses would be present and ready to testify, until the day of trial.[11] Thus, the trial court's assessment of the cumulative nature of their testimony rested on the particularly improbable assumption that all of these women would have shown up ready and willing to testify at appellee's trial in the manner anticipated by the Commonwealth.

While the premature exclusion under Rule 403 was error, the remedy imposed was even more problematic. In affirming the trial court, the Superior Court stated, "The sole limitation the court placed on the Commonwealth was the number of witnesses it could call[.]" *Hicks,* at 11. The record belies this assertion. Instead of limiting the number of proffered witnesses the Commonwealth could call at trial, the trial court categorically precluded specific witnesses, labeling them "repetitive" before any evidence had been presented. This was error, which should have been reversed on appeal. It is a fundamental precept of our criminal jurisprudence that the Commonwealth is entitled to prove its case by relevant evidence of its choosing. *See Old Chief,* at 186–87, 117 S.Ct. 644 (discussing this "familiar, standard rule"). Thus, assuming the trial court's pre-trial admissibility determination was correct, it would have the authority to limit how many cumulative witnesses may testify, but it cannot dictate which of those

11. The Superior Court rejected as "speculative" the Commonwealth's assertion that their unknown whereabouts and illegal activities made availability an issue. We, however, find the record amply supports the Commonwealth's very pragmatic concern. Further, the notice provisions of Rule 404(3) should result in expansive disclosure—if uncertainty exists, parties should err by identifying too many witnesses rather than too few, and this goal will not be furthered if disclosure invites premature exclusion of those witnesses named.

witnesses the Commonwealth may call to prove its case. That decision lies exclusively with the prosecutor.

In sum, the Commonwealth gave notice under Rule 404(b)(3), identifying evidence proffered under Rule 404(b)(2) as required, and the court appropriately addressed the pre-trial objection thereto. Finding the evidence generally admissible under Rule 404(b)(2), the court should have deferred application of the balancing test until trial. The court erred in ruling pre-trial on the perceived cumulative nature of the evidence under Rule 403; as part of the prejudice portion of the balancing test, such evaluations should generally be deferred until there is a full record as developed at trial. Finally, the court erred in ruling which witnesses would be the cumulative ones, restricting which ones the prosecution might call.

We therefore remand for trial. Given the muddle created by the trial court's inconsistent position in its Rule 1925(a) opinion, the trial court may consider the proposed arguments of counsel regarding whether the formerly excluded witnesses' testimony is admissible under Rule 404(b)(2) and rule accordingly. The application of the balancing test of Rule 403 or 404(b)(2) may be applied to all witnesses, formerly excluded or not, but such ruling should be deferred until the record makes such a determination appropriate.

Order reversed and case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Chief Justice CASTILLE, Justices SAYLOR, BAER, TODD, McCAFFERY and STEVENS join the opinion.