GRAY, J.,
Before the court are cross-motions in limine seeking to preclude or limit evidence. Upon agreement of the parties, defendants’ motions in limine are moot.[1] Upon review of the plaintiff’s motion, briefs and arguments of counsel, the court rules in part and reserves ruling in part on plaintiff’s motion. The court provides the following opinion in support of its decision.
*451 Factual Background
This matter involves medical professional negligence claim for the treatment of Mr. Albert Asiello following an injury he sustained on July 30, 2010. Mr. Asiello contends that a delay in diagnosis caused him to suffer acute and profound paralysis and that he remained largely paraplegic and wheelchair bound for about a year. Mr. Asiello continues to suffer from motor and sensory deficits and decreased kidney function which affect him. Trial is scheduled for April 27, 2015.
On February 6, 2015, defendant Collier B. Nix, M.D. and Family Practice Center, P.C., (collectively, Dr. Nix) filed an omnibus motion in limine containing three motions to preclude or limit evidence. Since the parties reached an agreement with respect to defendants’ motions as recited in note 1, defendants’ motions in limine are moot and will not be discussed further. On or about February 10, 2015, plaintiff filed a motion in limine seeking to preclude defendants’ experts from testifying as to the standard of care provided by defendant. Argument was held on March 17, 2015.
Discussion
Plaintiff seeks to preclude defendants’ experts, Jonathan Zenilman, M.D. and Alexander Vaccaro, M.D., from testifying about the standard of care provided by Dr. Nix on two grounds. First, plaintiff contends that Dr. Zenilman and Dr. Vaccaro do not meet the requirements to provide standard of care testimony under 40 P.S. § 1303.512(c). Second, plaintiff contends that the standard of care testimony of Dr. Zenilman and Dr. Vaccaro should be precluded as cumulative. The court will address the grounds in turn.
1. Qualifications to Provide Standard of Care Testimony
*452 Plaintiff contends that Dr. Zenilman and Dr. Vaccaro do not meet the requirements to provide standard of care testimony against Collier B. Nix, M.D., a board certified family physician. In medical malpractice matters, the Pennsylvania Medical Care Availability and Reduction of Error Act (MCARE Act), 40 Pa. Stat. Ann. §§ 1303.101 — 1303-910, provides specific requirements for the admissibility of expert testimony. 40 P.S. § 1303.512. The MCARE Act provides specific requirements for medical expert testimony on the standard of care in medical malpractice matters as follows.
(c) STANDARD OF CARE. — In addition to the requirements set forth in subsections (a) and (b), an expert testifying as to a physician’s standard of care also must meet the following qualifications:
(1) Be substantially familiar with the applicable standard of care for the specific care at issue as of the time of the alleged breach of the standard of care.
(2) Practice in the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue, except as provided in subsection (d) or (e).
(3) In the event the defendant physician is certified by an approved board, be board certified by the same or a similar approved board, except as provided in subsection (e).
(d) CARE OUTSIDE SPECIALTY. — A court may waive the same subspecialty requirement for an expert testifying on the standard of care for the diagnosis or treatment of a condition if the court determines that:
(1) the expert is trained in the diagnosis or treatment of the condition, as applicable; and
*453 (2) the defendant physician provided care for that condition and such care was not within the physician’s specialty or competence.
(e) OTHERWISE ADEQUATE TRAINING, EXPERIENCE AND KNOWLEDGE. — A court may waive the same specialty and board certification requirements for an expert testifying as to a standard of care if the court determines that the expert possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in or full-time teaching of medicine in the applicable subspecialty or a related field of medicine within the previous five-year time period. 1303.512 (c),(d),(e) (emphasis added).
For expert testimony on the standard of care in medical malpractice matters, the MCARE Act requires a “three part test in which each basis must be established.” Rose v. Annabi, 2007 PA Super 308, 934 A.2d 743, 746 (Pa. Super. 2007); see also, Vicari v. Spiegel, 605 Pa. 381, 388, 989 A.2d at 1281, 1282 (Pa. 2010) (each of the three Section 512(c) requirements (standard-of-care-familiarity, same-subspecialty, and board-certification) is mandatory). Under the plain terms of the statute, if an expert does not meet the same-subspecialty requirement, the expert is not qualified to render an opinion on standard of care unless the expert meets an exception as provided in subsection (d) or (e). If an expert does not meet the same board-certification requirement, the expert is not qualified to render an opinion on standard of care unless the expert meets an exception as provided in subsection (e) only. Defendants contend that both their experts fall under the exceptions (d) or (e) to the same subspecialty and board certification requirements and therefore are qualified to testify regarding the standard of care in diagnosing and treating epidural abscesses.
*454 Same-subspecialty
Pursuant to the MCARE Act, Section 512(c)(2) (same-subspecialty) requirement, the experts must practice in “the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue, except as provided in subsection (d) or (e).” In the present case, neither proposed expert practices as a family physician.
As to Dr. Zenilman, the court believes that Dr. Zenilman satisfies the same-subspecialty requirement because he practices internal medicine, with a substantially similar standard of care as the specific care at issue. At argument, plaintiff conceded that the only significant difference between the specialties is that a family practitioner also provides care to pediatric patients. Mr. Asiello was a 63 year old adult at the time of the accident. The court concludes that Dr. Zenilman practices in “a subspecialty which has a substantially similar standard of care for the specific care at issue” and therefore meets the Section 512(c)(2) same sub-specialty requirement. This conclusion is without prejudice to either party, who may re-raise the issue based upon evidence at trial or voir dire of the experts.
Subsection (d)
As the express terms of Section 512 (d), the subsection applies only where the defendant physician provided care that was not within the physician’s specialty or competence. Here, it is not clear from the paper record that the defendant physician provided care for a condition that was not within the physician’s specialty or competence, i.e., that of a family physician. As a result, the court does not believe that the exception under subsection (d) applies. The court makes this ruling without prejudice to defendants, who may re-raise the issue based upon evidence at trial or voir dire of the experts. The court *455 will discuss the exception under subsection (e) in the discussion of the board certification requirement.
2. Board Certification.
Pursuant to the MCARE Act, Section 512(c)(3) (board certification) requirement, the experts must share the same board certification as the defendant physician to testify as to the standard of care at issue. In the present case, it is uncontested that neither expert shares the board certification with the defendant physician, Dr. Nix. Dr. Zenilman and Dr. Vaccaro are not board certified family physicians; Dr. Zenilman is a board certified infectious disease physician (internal medicine with a subspecialty board certification in infectious diseases.) Dr. Vaccaro is a board certified orthopedic neurosurgeon. Since it is uncontested that the experts do not share the same board certification as Dr. Nix, they must fall under exception (e) to qualify under the MCARE Act to provide standard of care testimony. See, Anderson v. McAfoos, 618 Pa. 478, n.5 (Pa. 2012)(recognizing subsection (e) as the sole exception to the board-certification requirement).
At this stage in the proceedings, the court is concerned that the record is insufficient to support a conclusion with respect to subsection (e). See, Vicari, supra, Gbur v. Golio, 600 Pa. 57, 963 A.2d 443, 452 (Pa. 2009) Exception (e) does not define the term “related field of medicine.” Vicari, supra. The Pennsylvania Supreme Court has explicitly held the following.
[T]he “relatedness” of one field of medicine to another for purposes of subsection 512(e) cannot be established in a broad and general sense that will henceforth be applicable to all situations and all claims. Rather, the “relatedness” of one field of medicine to another, under subsection 512(e), can only be assessed with regard to the specific care at issue. Two fields of medicine may *456 be “related” with respect to certain specific issues of care, but unrelated with respect to other specific issues of care. Determining whether one field of medicine is “related” to another with respect to a specific issue of care is likely to require a supporting evidentiary record and questioning of the proffered expert during voir dire. This interpretation of “related field of medicine” is most compatible with the text of subsection 512(e) as a whole, which sets forth an exception to the formal same specialty and same board certification rules for experts otherwise qualified to testify. Vicari, supra, 989 A.2d at 1284.
In the present case, the plaintiff seeks a ruling pretrial. Defendants did not submit an affidavit or verified statement from either of the experts. The experts have not been subject to voir dire. In their brief, defendants submit that both their experts will testify as follows.
[T]hey are familiar with standard of care for the diagnosis and treatment of epidural abscess. Both physicians will testify that they are trained in the diagnosis and treatment of the condition, that they have training, experience and knowledge of epidural abscess, and that they have provided treatment for patients with the condition and have done so repeatedly during the course of their medical careers. Defendants Brief, at 3.
The experts’ proposed testimony does not specifically state that their training, experience and knowledge is “as a result of active involvement in ... medicine in the applicable subspecialty or a related field of medicine.” 40 P.S. § 1303.512(e). In light of the Pennsylvania Supreme Court’s decision in Vicari, supra, and Gbur, supra, the court defers ruling on the applicability of the exception in subsection (e) until voir dire of the experts and further development of the record.
*457 3. Cumulative Testimony
Plaintiff next contends that Dr. Zenilman and Dr. Vaccaro should be precluded from testifying as to the standard of care of Dr. Nix because such testimony is needlessly repetitive, cumulative evidence prohibited by Pa. R.E. 403. Rule 403 provides that “[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of... needlessly presenting cumulative evidence.” The Pennsylvania Supreme court has stated that Rule 403 determinations are “generally not susceptible to accurate pre-trial evaluation.” Commonwealth v. Hicks, 91 A.3d 47, 53 (Pa. 2014) While the Pennsylvania Supreme Court has not prohibited a Rule 403 determination through pretrial motions, the court has stated that most cases require that the evaluation wait until the trial unfolds. Specifically the court provided the following.
In the majority of cases, and particularly manifested in this one, the trial court has no way of knowing beforehand exactly what evidence will be presented at trial. Depending on the case and the inevitable vagaries of litigation, the pre-trial record may be entirely different than the record that eventuates as matters unfold. Even if the evidence the parties intend to present is set, a trial rarely follows the anticipated script. The actual value of evidence may differ substantially from pre-trial expectations, depending on all manner of factors, such as the availability, appearance, memory, or demeanor of a witness, admissions on cross-examination, the defense theory, or the defendant’s decision whether or not to testify. Even a relatively developed pre-trial record will be of limited utility in predicting the probative value or prejudice a particular piece of evidence will ultimately have. Hicks, supra, 91 A.3d at 53.
In the present case, defendants listed three experts *458 who will provide testimony as to a physician’s standard of care. In addition, it is anticipated that the totality of the defendant’s testimony will offer a standard of care defense. Thus, the plaintiff asserts that four experts on standard of care are cumulative. In response, defendants claim that the experts can offer testimony from different perspectives in a non-overlapping, non-cumulative way. As in Hicks, supra, the court believes that the witnesses and evidence may differ at trial from that anticipated. Defendants have indicated that what experts are called to testify will likely depend upon availability. Without hearing any testimony it is difficult to predict whether testimony will overlap. Therefore, the court will reserve ruling on the objection to Dr. Zenilman and Dr. Vaccaro’s standard of care testimony pursuant to Rule 403 until the time of trial.
ORDER
And now, this 31 st day of March, 2015, for the foregoing reasons, it is ordered and directed as follows.
1. Defendant’s motion in limine is moot in light of the agreement by counsel to limit the evidence.
2. Plaintiff’s motion in limine to preclude defendants’ experts from testifying as to standard of care based upon the failure to meet the requirements for such testimony under the MCARE Act is denied in part as to Dr. Zenilman as to 512(c)(2), and reserved in part for trial in part.
3. Plaintiff’s motion in limine to limit the defendants’ expert testimony on standard of care as being cumulative is reserved. Plaintiff may re-raise the objection at trial when it is clearer which witnesses will indeed be called to testify and when the scope of the other testimony has been developed.

. In the first motion, defendants seek to preclude hearsay opinion evidence by plaintiff’s friend, who is also a registered nurse. In the second motion, defendants seek to preclude certain opinions of plaintiff’s expert neurologist, Karen Roos, M.D. In the third motion, defendants seek to preclude statements made by medical providers to plaintiff and his son about plaintiff’s health and/or condition. Plaintiff agrees not to present inadmissible hearsay evidence of statements made to plaintiff or plaintiff’s son and plaintiff agrees not to present opinion evidence of Nurse Terri Narin. Defendants agree that plaintiff’s expert, Dr. Karen Roos, may testify as to her opinion on causation and etiology and may testify generally as to the records upon which she relied upon in making her opinions with respect to those which are generally relied upon in her field. Plaintiff agreed that Dr. Roos will provide her own opinion based upon empirical evidence and not provide the specific opinion of Dr. Bias, unless the door is opened to such testimony.