J-S42013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEREMY MICHAEL FLOOD, | |
| Appellant | No. 1171 WDA 2015 |

Appeal from the Judgment of Sentence July 2, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001345-2014

BEFORE:  SHOGAN, OTT, and FITZGERALD,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 14, 2016**

Jeremy Michael Flood ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of simple assault, 18 Pa.C.S. § 2701(a)(1).  We affirm.

We glean the following facts from the certified record:  On June 27, 2014, while Appellant and his girlfriend ("the victim") were engaged in an argument in her home, Appellant pressed his fingers into the victim's eyes. During the assault, the victim's lit cigarette contacted Appellant's side, causing him to withdraw and leave the home.  While walking toward her bathroom after the assault, the victim stepped on glass from a broken table, cutting her foot.  She drove herself to the hospital, where medical personnel

_____

* Former Justice specially assigned to the Superior Court.

treated and sutured her wound with six stitches. At the hospital, the victim observed bruising around her eyes and became upset. When asked by a nurse what had happened, the victim indicated that Appellant had assaulted her during an argument. A Butler City police officer responded to the hospital and took the victim's oral statement that Appellant "tried to gouge [her] eyes out using his thumbs." N.T., 6/23/15, at 33. The officer gave the victim a blank statement form to complete when she returned home. The victim completed the statement form on July 1, 2014, indicating that her injuries were the result of an accident and that she did not want to press charges. Commonwealth's Exhibit 4. Notwithstanding the victim's written statement, Appellant was arrested on July 28, 2014, and charged with simple assault.

After Appellant's arrest, the victim sent a note to the trial court, explaining that the incident was an accident and that she did not want to press charges. Commonwealth's Exhibit 5. Additionally, the victim completed a victim-impact statement for the district attorney on September 1, 2014, again indicating that the incident was an accident. Commonwealth's Exhibit 6. At trial, however, the victim testified that her previous written statements were false and that Appellant had, in fact, assaulted her on June 27, 2014. N.T., 6/23/15, at 38. She explained that Appellant had threatened her and her family and demanded that she write the July 1, 2014 statement. *Id.* at 38, 40–43. The victim further testified

that she came forward with the truth in May of 2015 after Appellant slapped her and issued more threats if she did not memorize her previous statements in preparation for the upcoming trial. *Id.* at 46–48. Defense counsel's objections to the victim's testimony were overruled. *Id.* at 38–40, 47.

The jury convicted Appellant of simple assault, and the trial court sentenced him on July 2, 2015, to incarceration for a period of twelve to twenty-fours months. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our consideration:

I.  WHETHER THE TRIAL COURT ERRED BY PERMITTING THE COMMONWEALTH TO OFFER HEARSAY TESTIMONY AT TRIAL?

II. WHETHER THE TRIAL COURT ERRED BY PERMITTING THE COMMONWEALTH TO BOLSTER THE ALLEGED VICTIM'S CREDIBILITY BEFORE HER CREDIBILITY HAD BEEN IMPEACHED?

III. WHETHER THE TRIAL COURT ERRED BY PERMITTING THE COMMONWEALTH TO OFFER PRIOR BAD ACT EVIDENCE CONCERNING [APPELLANT] WHERE NOTICE HAD NOT BEEN PROVIDED TO THE DEFENSE PRIOR TO TRIAL?

Appellant's Brief at 7.

Appellant first complains that the trial court allowed the Commonwealth to introduce hearsay testimony. Appellant's Brief at 11. The trial court suggested waiver for lack of specificity in Appellant's Pa.R.A.P. 1925(b) statement. We agree that Appellant's first issue is waived.

Pennsylvania Rule of Appellate Procedure 1925(b) provides in pertinent part: "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). The comment to this subsection acknowledges that vagueness is a "very case specific inquir[y]." Pa.R.A.P. 1925, cmt. However, the comment further states:

> The more carefully the appellant frames the Statement, the more likely it will be that the judge will be able to articulate the rationale underlying the decision and provide a basis for counsel to determine the advisability of appealing that issue. Thus, counsel should begin the winnowing process when preparing the Statement and should articulate specific rulings with which the appellant takes issue and why.

Pa.R.A.P. 1925, cmt.

Appellant's 1925(b) statement raises the issue as follows: "1. The Trial Court erred by permitting the Commonwealth to offer hearsay testimony at trial." Concise Statement of Errors Complained of on Appeal, 8/31/15, at ¶ 1. Citing Pa.R.A.P. 1925(b)(4)(ii), the trial court stated, "It is this [c]ourt's position that issue numbered 1. is not sufficiently specific to allow the [c]ourt to draft an opinion required under 1925(a) and that the issue is essentially waived as [Appellant] has failed to preserve any issues for appellate review. *Lineberger v. Wyeth*, 894 A.2d 141, 148-49 (Pa.Super.2006)." Trial Court Opinion, 9/15/15, at 1.

We note that the jury trial lasted one day. The volume of testimony is 118 pages long and involved the testimony of three witnesses. N.T.,

6/23/15, at 2. Appellant's 1925(b) statement does not cite any specific testimony or transcript page, but qualifies only that the Commonwealth was permitted "to offer hearsay testimony at trial." Concise Statement of Errors Complained of on Appeal, 8/31/15, at ¶ 1. Without any further explanation by Appellant, we agree with the trial court that the 1925(b) statement was overly vague. *See Commonwealth v. Postie*, 110 A.3d 1034, 1041 (Pa. Super. 2015) (agreeing with trial court that 1925(b) statement was overly vague where appellant did not cite any specific remark or suppression transcript page, but qualified only that the court's remarks "indicat[ed he] was guilty"). Therefore, Appellant's first issue is waived. *See* Pa.R.A.P. § 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with [1925] are waived.").

Next, Appellant complains that the Commonwealth was permitted to bolster the victim's credibility before it had been impeached. Appellant's Brief at 13. The trial court again suggested waiver for lack of specificity in Appellant's Pa.R.A.P. 1925(b) statement, and again, we agree.

Appellant's 1925(b) statement raises the issue as follows: "2. The Trial Court erred by permitting the Commonwealth to bolster the alleged victim's credibility before her credibility had been impeached." Concise Statement of Errors Complained of on Appeal, 8/31/15, at ¶ 2. Citing Pa.R.A.P. 1925(b)(4)(ii), the trial court stated, "It is this [c]ourt's position that issue numbered 2. is not sufficiently specific to allow the [c]ourt to draft an

- 5 -

opinion required under 1925(a) and that the issue is essentially waived as [Appellant] has failed to preserve any issues for appellate review. *Lineberger v. Wyeth*, 894 A.2d 141, 148-49 (Pa.Super.2006)." Trial Court Opinion, 9/15/15, at 1.

Our review of the record reveals that Appellant's 1925(b) statement does not cite any specific testimony or transcript page, but qualifies only that the Commonwealth was permitted "to bolster the alleged victim's credibility before her credibility had been impeached." Concise Statement of Errors Complained of on Appeal, 8/31/15, at ¶ 2. Without any further explanation by Appellant, we agree with the trial court that the 1925(b) statement was overly vague. ***Postie***, 110 A.3d at 1041. Therefore, Appellant's second issue is waived. Pa.R.A.P. § 1925(b)(4)(vii).

In his third issue, Appellant challenges the Commonwealth's offer of other acts evidence as a violation of Pa.R.E. 404(b). Appellant's Brief at 19. Specifically, Appellant refers to the victim's testimony that Appellant "threatened her in July of 2014 and both threatened and slapped her in May of 2015." ***Id.*** at 20. In response, the Commonwealth first explains the context of this issue:

> The Trial Court, understandably based upon Appellant's wording, treated this issue as if Appellant was referring to the Commonwealth's Motion in Limine regarding its request to introduce Rule of Evidence 404(b) evidence of Appellant's prior bad acts. That matter was the subject of a hearing before the [Trial] Court.

As stated in its 1925(a) Opinion, the Trial Court dealt with [the] Commonwealth's 404(b) motion as follows:

> Issue numbered 3 is without merit. In fact, by Order of Court of May 19, 2015, the Court denied the Commonwealth's Motion in Limine thereby preventing the Commonwealth from submitting prior bad acts evidence in its case in chief at trial. Furthermore, on May 6, 2015, the Commonwealth filed a Motion in Limine 404B Notice Prior Bad Acts and the defense was served a copy of the motion by regular first class mail on May 6, 2015. The hearing on the motion was held on May 15, 2015 and was attended by defense counsel during which he offered argument. The trial was held on June 23, 2015. The Court finds that the prosecutor provided reasonable notice in advance of trial in accordance with Pa.R.E. 404(b)(3).
>
> However, in his Brief, Appellant's Argument III deals not with matters raised in the Commonwealth's 404B Motion. Instead, Appellant's third issue in his brief centers on [the victim's] testimony regarding Appellant's behavior toward [her] subsequent to the assault that was the subject of the trial.

Commonwealth's Brief at 7–8 (citation omitted).

Next, the Commonwealth describes the challenged evidence and contends the trial court properly admitted the other-acts testimony:

> The Commonwealth introduced the behavior as part of its history of the case. The behaviors were not 404(b) matters and were not intended as 404(b) matters.
>
> At trial, [the victim] testified that the Appellant forced her to write a false statement to the Butler City Police. She also testified that on May 13 or 14, 2015, about a month before the trial, Appellant slapped her across the face and threatened her and her family if she did not memorize the statement she had given to the Butler City Police and testify in accordance with the statement.

\* \* \*

The Trial Court committed no abuse of discretion or error of law in permitting [the victim] to testify about threats made by Appellant subsequent to the initial assault as the threats were part of the history of the case.

Commonwealth's Brief at 8, 13.

The Pennsylvania Rules of Evidence allow evidence of a crime, wrong, or other act in the following limited circumstances:

**Rule 404. Character Evidence; Crimes or Other Acts**

* * *

**(b) Crimes, Wrongs or Other Acts.**

(1) *Prohibited Uses*.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

(3) *Notice in a Criminal Case*.  In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b).  In sum, evidence of other bad acts is admissible when offered for a relevant purpose other than to show that a defendant acted in conformity with those acts or to show a defendant's criminal propensity. ***Commonwealth v. Sherwood***, 982 A.2d 483, 497 (Pa. 2009).  It is

admissible, *inter alia*, to establish the existence of a common scheme or plan. **Commonwealth v. Keaton**, 45 A.3d 1050, 1066 (Pa. 2012) (citing **Commonwealth v. Bronshtein**, 691 A.2d 907, 915 (Pa. 1997); Pa.R.E. 404(b)(2)). "Whether evidence of [other acts] is admissible under Rule 404 is a straightforward relevance test that can be assessed by analyzing the charges, the proffered testimony, and evidence available to support the offer of proof." **Commonwealth v. Hicks**, 91 A.3d 47, 53 n.8 (Pa. 2014). In determining whether evidence of other acts is admissible, the trial court must balance the probative value of such evidence against its prejudicial effect. **Sherwood**, 982 A.2d at 497.

The admission of crimes or other acts is within the discretion of the trial court and will only be reversed upon a showing of an abuse of discretion. **Sherwood**, 982 A.2d at 495. "Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." **Commonwealth v. Aikens**, 990 A.2d 1181, 1184-1185 (Pa. Super. 2010) (quoting **Commonwealth v. King**, 959 A.2d 405, 411 (Pa. Super. 2008)) (internal citations omitted).

Upon review, we discern no abuse of the trial court's discretion in admitting evidence of Appellant's other acts. The notes of testimony reveal that Appellant's initial assault of the victim occurred on June 27, 2014. N.T.,

6/23/15, at 30. According to the victim's testimony, the other acts occurred after the initial assault. On or before July 1, 2014, Appellant threatened the victim, her son, and her family if she did not write a false statement to the Butler City Police that the initial assault was an accident. *Id.* at 34, 37–38, 40. On May 13 or 14, 2015, Appellant slapped the victim and again threatened her and her family if she did not memorize her previous statements in preparation for trial. *Id.* at 46–48, 56. Clearly, the victim's testimony supports an inference that Appellant intended and planned "to get the case dropped" by threatening the victim into falsely reporting and maintaining that the initial assault was an accident. *Id.* at 42. We conclude, therefore, that admission of the challenged testimony to establish intent, plan, and lack of accident was a permitted use of Appellant's other acts. Pa.R.E. 404(b)(2).

Appellant further asserts that he was not given adequate notice of the Commonwealth's intention to introduce the challenged testimony. Appellant's Brief at 20; Pa.R.E. 404(b)(3). We have explained that the purpose of Rule 404(b)(3) is to prevent unfair surprise and allow the defendant to prepare an objection or rebuttal to such evidence. ***Commonwealth v. Lynch***, 57 A.3d 120, 125–126 (Pa. Super. 2012). "However, there is no requirement that the 'notice' must be formally given or be in writing in order for the evidence to be admissible." *Id*. at 126 (citation omitted).

Our review of the record compels the conclusion that Appellant's lack-of-notice argument is disingenuous. Appellant filed a motion to continue the trial on May 18, 2015, averring:

3. [Appellant's] trial is scheduled for May 19, 2015.

\* \* \*

11. At approximately 11:00 a.m. on May 18, 2015, the defense was informed that the victim had completely changed her story and was now prepared to testify that she was assaulted by [Appellant].

12. The defense was completely blindsided by this development.

13. The defense needs additional time to prepare for trial.

Motion to Continue, 8/18/15, at ¶¶ 3, 11–13. The trial court granted Appellant's motion and rescheduled the trial for late June of 2015. Trial Scheduling Order, 5/20/15. Appellant was given more than one month to prepare for trial in light of the victim's testimonial about-face. Therefore, we conclude that the prosecutor provided reasonable notice of the general nature of the victim's testimony and that Appellant was afforded additional time to prepare his defense in response to it. Pa.R.E. 404(b)(3).

Having crossed the threshold of demonstrating that its other-acts evidence was probative of, *inter alia*, lack of accident, the Commonwealth was required to demonstrate that the probative value of the challenged evidence outweighed its potential for unfair prejudice. Pa.R.E. 404(b)(2). In this context, "'[u]nfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of

weighing the evidence impartially." ***Commonwealth v. Dillon***, 925 A.2d 131, 141 (Pa. 2007) (citing Pa.R.E. 403, cmt). A complement to this balancing test is our Supreme Court's discussion of "prejudice" in ***Commonwealth v. Lark***, 543 A.2d 491 (Pa. 1988):

> Not surprisingly, criminal defendants always wish to excise evidence of unpleasant and unpalatable circumstances surrounding a criminal offense from the Commonwealth's presentation at trial. Of course, the courts must make sure that evidence of such circumstances have some relevance to the case and are not offered solely to inflame the jury or arouse prejudice against the defendant. The court is not, however, required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged, as appellant would have preferred.

***Id.*** at 501.

Upon review, we conclude that the probative value of the other-acts evidence outweighed its potential for unfair prejudice. The victim's testimony directly involved Appellant's use of coercive threats and an assault to fabricate and maintain a lie regarding his initial assault of the victim. Her testimony was relevant to the case, was not offered solely to inflame the jury or arouse prejudice against Appellant, explained the inconsistency between her written statements and trial testimony, and formed part of the history of the offense for which Appellant was charged. ***Lark***, 543 A.2d at 501. Thus, we conclude that the trial court was within its discretion when it permitted evidence of Appellant's other acts. ***Sherwood***, 982 A.2d at 495.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2016