**Rule 404. Character Evidence; <u>Other</u> Crimes<u>, Wrongs,</u> or [Other] Acts**

\*     \*     \*

(b) <u>Other</u> **Crimes, Wrongs<u>,</u> or [Other] Acts.**

    (1)    **Prohibited Uses.** Evidence of **[a]** <u>**any other**</u> crime, wrong, or **[other]** act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

    (2)    **Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

    (3)    **Notice in a Criminal Case.** In a criminal case the prosecutor must provide reasonable <u>**written**</u> notice in advance of trial <u>**so that the defendant has a fair opportunity to meet it**</u>, or during trial if the court excuses pretrial notice on good cause shown, of the **[general nature]** <u>**specific nature, permitted use, and reasoning for the use**</u> of any such evidence the prosecutor intends to introduce at trial.

**Comment**

\*     \*     \*

Pa.R.E. 404(b)(1) is identical to F.R.E. 404(b)(1). It prohibits the use of evidence of other crimes, wrongs<u>,</u> or acts to prove a person's character.

Pa.R.E. 404(b)(2), like F.R.E. 404(b)(2), contains a non-exhaustive list of purposes, other than proving character, for which a person's other crimes, wrongs<u>,</u> or acts may be admissible. But it differs in **[several aspects. First,]** <u>that</u> Pa.R.E. 404(b)(2) requires **[that]** the probative value of the evidence **[must]** <u>to</u> outweigh its potential for prejudice. When weighing the potential for prejudice of evidence of other crimes, wrongs, or acts, the trial court may consider whether and how much such potential for prejudice can be reduced by cautionary instructions. *See Commonwealth v. LaCava*, **[542 Pa. 160,]** 666 A.2d 221 (<u>Pa.</u> 1995). When evidence is admitted for this purpose, the party against whom it is offered is entitled, upon request, to a limiting instruction. *See Commonwealth v. Hutchinson*, **[571 Pa. 45,]** 811 A.2d 556 (<u>Pa.</u> 2002). **[Second, the federal rule requires the defendant in a criminal case to make a request for notice of the prosecutor's intent to offer evidence of other crimes, wrongs or acts. This issue is covered in Pa.R.E. 404(b)(3) which is consistent with prior Pennsylvania practice in that the requirement that the prosecutor give notice is not dependent upon a request by the defendant.]**

**Notice pursuant to subdivision (b)(3) must be provided before trial in such time as to allow the defendant a fair opportunity to meet the evidence. *See* Pa.R.E. 609(b)(2) and 902(11). Notice should be sufficiently in advance of trial so the defendant and court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Pa.R.E. 403 have been satisfied notwithstanding that a final determination as to the admissibility of the evidence must await trial. *See, e.g., Commonwealth v. Hicks*, 91 A.3d 47, 53-54 (Pa. 2014). The court may excuse the pretrial notice requirement upon a showing of good cause. When notice is provided during trial after a finding of good cause, the court may need to consider protective measures to assure that the opponent is not prejudiced.**

**Note:** Adopted May 8, 1998, effective October 1, 1998; Comment revised November 2, 2001**[;],** effective January 1, 2002; rescinded and replaced January 17, 2013, effective March 18, 2013**; amended December 2, 2021, effective April 1, 2022**.

*Committee Explanatory Reports*:

Final Report explaining the November 2, 2001 revision of Subsection (a) of the Comment published with the Court's Order at 31 Pa.B. 6384 (November 24, 2001). Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 651 (February 2, 2013). **Final Report explaining the December 2, 2021 amendment of paragraph (b) published with the Court's Order at 51 Pa.B. ____ (__ __, 2021).**