J-S68012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN WILLOCK, | |
| Appellant | No. 25 EDA 2015 |

Appeal from the Judgment of Sentence December 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006516-2011

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:         **FILED DECEMBER 29, 2015**

Kevin Willock appeals from the judgment of sentence of twelve to twenty-seven years' incarceration, imposed December 5, 2014, following a jury trial resulting in his conviction for involuntary deviate sexual intercourse, unlawful contact with a minor, endangering the welfare of children, corruption of minors, and indecent assault.[1]  We affirm.

The evidence adduced at the trial in this matter established that Appellant orally and anally sodomized his five-year-old son, K.A., causing him to bleed from the anus on one occasion.  K.A. testified that the assaults occurred numerous times.  **See** Notes of Testimony (N.T.), 06/23/2014, at

---

[1] **See** 18 Pa.C.S. §§ 3123(a)(1), 6318(a)(1), 4304(a), 6301(a)(1), and 3126(a)(7), respectively.

81-137. It is further notable that K.A. did not have stable housing as a young child until Ms. Shanita Young gained custody of him in 2007. *See id.* at 84, 156. Prior to that, K.A. lived with several different people, including his father. *See id.* at 84-87.

During the cross-examination of the victim, counsel for Appellant impeached his testimony regarding the frequency and manner of the assaults. *See id.* at 112-29. Specifically, counsel focused on a forensic interview, conducted prior to trial by the Philadelphia Children's Alliance (P.C.A.), in which K.A. stated only that his father assaulted him a single time and did not indicate that any oral sex had occurred. *See id.* at 123-27. K.A. acknowledged and attempted to explain these discrepancies. For example, the victim explained that, initially, he was "only comfortable about telling one time." *Id.* at 124. Regarding the occurrence of oral sex, the victim stated, "I didn't know what that was at the time. I thought that was just, like, what sex was." *Id.* On redirect, the victim further explained that when investigators showed him a picture of a boy, he only identified the penis and butt as "private parts," because he did not consider the mouth to be a private part. *Id.* at 130-31.

Appellant did not present evidence on his own behalf. Rather, he challenged the motivations and veracity of the victim. His strategy crystallized in two evidentiary disputes relevant to this appeal. First, the Commonwealth and Appellant each filed pretrial motions *in limine* addressing

other sexual abuse and conduct of the victim. In January 2013, the Commonwealth filed a motion to exclude evidence that K.A. had previously alleged sexual abuse by a third party. In it, the Commonwealth averred that in September 2008, K.A. disclosed to police that a ten-year-old "cousin," named W.Y., had "pulled down his pants and put his private part in [the victim's] butt." Commonwealth Motion *in Limine*, 01/18/2013, at 1. According to the motion, no defendant was arrested because "police could not properly identify him." *Id.* at 2.[2] In February 2013, Appellant filed a motion to admit evidence that K.A. had admitted to certain sexual misconduct with a younger relative and was, thereafter, enrolled in therapy. *See* Appellant's Motion *in Limine*, 02/04/2013, at 1. Following argument in April and July 2013, the trial court expressly granted the Commonwealth's motion. *See* Trial Court Order, 07/17/2013. However, the certified record reveals no ruling by the court on Appellant's motion.

The second evidentiary dispute arose during trial and involved the admissibility of a videotaped recording of the victim's forensic interview. Following Appellant's cross-examination of K.A., the Commonwealth sought to introduce the video as a prior consistent statement. Appellant challenged

---

[2] Also noted was a report by the victim to the Department of Human Services that a former foster parent behaved in a sexually inappropriate manner, resulting in his removal from the foster home. *Id.* However, Appellant never challenged the exclusion of this evidence.

the video's admissibility, asserting that it was not a prior consistent statement as defined by Pennsylvania Rule of Evidence 613(c)(1). The trial court overruled Appellant's objection and permitted the Commonwealth to introduce the video. *See* N.T., 06/24/2014, at 6-19. The court agreed that Subsection (c)(1) did not apply but concluded that Subsection (c)(2) provided a basis to admit the video. *See* Trial Court Opinion, 02/23/2015, at 8-13.

A jury trial commenced in June 2014.[3] In December 2014, following his conviction and a pre-sentence investigation, the trial court sentenced Appellant as outlined above.[4] Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant disputes the trial court's pre-trial rulings disposing of the motions *in limine*, as well as the admissibility of the

---

[3] In addition to testimony from the victim, the Commonwealth introduced testimony from Ms. Young and investigators involved in the case.

[4] The court imposed eight-and-one-half to twenty years' incarceration for involuntary deviate sexual intercourse; a consecutive period of three-and-one-half to seven years' incarceration for endangering the welfare of children; a concurrent period of eight-and-one-half to twenty years' incarceration for unlawful contact with a minor; and concurrent periods of one to two years' incarceration for both corruption of minors and indecent assault. *See* N.T., 12/5/2014, at 103-04; *see also* Criminal Docket No. CP-51-CR-0006516-2011 at 5-7. The court determined that the Commonwealth failed to meet its burden of clear and convincing evidence to designate Appellant a sexually violent predator. *Id.* at 85.

videotape recording of the victim's forensic interview. *See* Appellant's Brief at 3. Thus, Appellant challenges evidentiary decisions of the trial court. It is long settled that "the admissibility of evidence is a matter addressed to the sound discretion of the trial court, and that an appellate court may reverse only upon a showing that the trial court abused its discretion." *Commonwealth v. Claypool*, 495 A.2d 176, 178 (Pa. 1985); *see also Commonwealth v. Fink*, 791 A.2d 1235, 1240 (Pa. Super. 2002).

Appellant contends that the trial court erred in its pre-trial rulings, improperly limiting his inquiry into K.A.'s sexual history. Specifically, Appellant sought to question K.A. regarding his prior claims of sexual victimization, his possible recantation of those claims, and his alleged sexual assault(s) upon other children.[5] *See* Appellant's Brief at 3. Appellant raises three arguments in support of his contention: (1) the court's pre-trial rulings were premature; *see id.* at 21-22; (2) this evidence was relevant to

_____

[5] The certified record does not include an order disposing of Appellant's motion *in limine* regarding allegations that the victim admitted to any sexual misconduct. Further, the parties did not discuss Appellant's motion during either of the hearings held to resolve their evidentiary disputes. *See* N.T., 04/17/2013, at 3-16; N.T., 07/17/2013, at 4-6. Finally, Appellant did not seek clarification from the trial court or otherwise attempt to introduce this evidence during trial. What is not contained in the certified record "does not exist for purposes of our review." *Commonwealth v. O'Black*, 897 A.2d 1234, 1240 (Pa. Super. 2006) (finding waiver where the appellant failed to insure that a motion to suppress was included in the certified record). Accordingly, we deem any issue regarding the admissibility of this evidence waived. *Id.* Absent waiver, we note that any allegations of Appellant's sexual misconduct are irrelevant. *See*, *infra*, our rejection of Appellant's theory of relevance.

demonstrate K.A.'s motive to lie and his basis of knowledge regarding "adult responses" to allegations of sexual assault; *see id.* at 3, 21-32; and (3) the victim opened the door to this line of inquiry during his testimony on direct examination. *See id.* at 3, 32-33.

Appellant suggests, for the first time on appeal, that the trial court's pre-trial rulings were premature, as the court lacked a sufficiently developed record to inform its decision, citing in support *Commonwealth v. Hicks*, 91 A.3d 47, 53 (Pa. 2014). Appellant did not raise this concern with the trial court. Accordingly, we deem it waived. *See* Pa.R.A.P. 302(a).

Absent waiver, however, Appellant's reliance on *Hicks* is misplaced. *Hicks* addressed the admissibility of potentially cumulative testimony and the tests required by Pa.R.E. 403 and 404(b), *i.e.*, balancing the probative value of evidence against the prejudice it may cause one side or the other. *See Hicks*, 91 A.3d at 53-54. In this context, our Supreme Court admonished that "[t]he balancing inquiry … is a fact-and context-specific one that is normally dependent on the evidence actually presented at trial" *Id.* at 54. Here, although the parties discussed Rules 403 and Rule 404(b), *see, e.g.*, N.T., 07/17/2013, at 4, the trial court ultimately concluded that the victim's "prior sexual conduct and abuse is *irrelevant*." Trial Court Opinion at 7 (emphasis added). Thus, the balancing tests of Rules 403 and 404(b) were unnecessary, and the concerns raised in *Hicks* regarding pre-trial rulings were not present here.

Appellant asserts that evidence of K.A.'s other sexual victimization was relevant and admissible to establish a motive to falsely accuse his father of sexual abuse. *See* Appellant's Brief at 24. Generally, the Rape Shield Law precludes evidence of an alleged victim's prior sexual conduct. *See* 18 Pa.C.S. § 3104(a). However, the Supreme Court of Pennsylvania has clarified that the Rape Shield Law does not prohibit evidence of previous sexual assaults upon a victim because "[t]o be a victim is not 'conduct' of the person victimized." *Commonwealth v. Johnson*, 638 A.2d 940, 942 (Pa. 1994). Therefore, evidence of K.A.'s other sexual victimization is not subject to exclusion under the Rape Shield Law and must be examined under traditional rules of evidence. *Id.*; *see also Commonwealth v. L.N.*, 787 A.2d 1064, 1069 (Pa. Super. 2001); Pa.R.E. 401.

Here, Appellant's rather convoluted theory of relevance is premised upon the victim's long-term housing instability, his anger at his father for repeated absences, his eventual placement in the care of Ms. Young, his contentment with Ms. Young's guardianship, and his fear that he could be removed from her care. *See* Appellant's Brief at 20-24. Ostensibly, the victim's motivation to lie was to insure his continued placement with Ms. Young, thus never to be returned to Appellant's custody. *Id.* at 24. In this context, Appellant suggests that the victim's other sexual victimization formed a basis of knowledge regarding "adult responses" to allegations of

sexual assault. According to Appellant, this knowledge informed the victim's efforts to remain in Ms. Young's custody. *Id.* at 26.

Appellant's argument is highly speculative, as he proffered no evidence that such a change in custody was likely or even possible. Although Appellant may have been involved in an attempt to gain custody of his son in 2008, those efforts ended without success two years prior to the victim's revelations of sexual abuse. *See* N.T., 06/23/2014, at 119, 168-74; *but see also id.* at 183 (suggesting that Appellant had no direct role in any custody battle for his son). Indeed, when the victim eventually revealed his father's abuse in 2010, Appellant was incarcerated on unrelated charges and had ceased to play any role in his son's life. *See* Motion *in Limine* to Exclude Prejudicial Material, 02/04/2013, at ¶ 3 (averring that Appellant "has been incarcerated in New Jersey for the past five years on matters unrelated to the instant case"). Thus, Appellant's argument is not persuasive.

Despite the pre-trial ruling of irrelevancy, Appellant asserts that K.A. opened the door to this line of inquiry during his testimony on direct examination.[6] Specifically, Appellant sought to challenge K.A. (and Ms. Young) with his purported recantation of the W.Y. assault. *See* N.T., 06/23/2014, at 140-42. According to Appellant, K.A.'s purported

_____

[6] The victim referenced the incident with W.Y. when he revealed on direct examination that he had been sexually assaulted, by another person, subsequent to the assaults by his father. *See* N.T. at 107-08.

recantation was integral to Appellant's theory of relevancy. ***See*** Appellant's Brief at 33 (asserting that "by recanting the claim …, K.A. could prevent a possible removal from [Ms.] Young's home and further refined his understanding of systematic responses to accusations of abuse on his housing").

The trial court permitted limited cross-examination of K.A. on this matter. ***See*** N.T., 06/23/2014, at 112-13. However, the court forbade any inquiry into K.A.'s purported recantation. ***See id.*** at 149-50. The court offered two reasons, equally sound.

First, and foremost, Appellant proffered no direct evidence of a recantation. To the contrary, Appellant conceded to the court that K.A. never recanted his allegation to the police. N.T., 06/23/2014, at 149. Instead, Appellant proffered indirect evidence, which consisted of a summary of the P.C.A. interview with Ms. Young in 2010. ***Id.*** at 147-49. As described by the trial court, "The summary stated Ms. Young said that when K.A. spoke to police in 2008, he indicated that nothing happened with [W.Y.]." Trial Court Opinion at 7. Apart from the rather obvious hearsay issues affecting its admissibility, the summary was contradicted directly by the actual 2008 police report of the W.Y. assault, which included no recantation. Thus, there was no prior inconsistent statement with which to impeach K.A. ***See*** N.T., 06/23/2014, at 150.

Moreover, to the extent Appellant sought to cross-examine K.A. or Ms. Young more extensively regarding the W.Y. assault, the court noted that "a witness may not be contradicted on a collateral matter." Trial Court Opinion, at 7 (quoting **Commonwealth v. Holder**, 815 A.2d 1115, 1119 (Pa. Super. 2003)); **see also** N.T., 06/23/2014, at 144. A collateral matter is "one which has no relationship to the case on trial." **Commonwealth v. Fisher**, 290 A.2d 262, 267 (Pa. 1972) (quoting **Commonwealth v. Petrillo**, 19 A.2d 288, 295 (Pa. 1941)). As K.A.'s prior victimization was irrelevant to Appellant's trial, the W.Y. assault was a collateral matter and not a proper subject for cross-examination.

Appellant also contends that the trial court erred by admitting into evidence a videotaped recording of K.A.'s forensic interview. According to Appellant, (1) the video was not a prior consistent statement under Pa.R.E. 613; (2) it did not rebut or rehabilitate any specific charge or motive; and alternatively, to the extent it was rehabilitative, (3) K.A.'s statement therein was recorded *after* his alleged motivation to lie arose. Appellant's Brief at 3. Moreover, according to Appellant, the court erred further by admitting the entire video, rather than relevant excerpts. **See id.** at 37-40.

Rule 613 provides, in relevant part:

**(c) Witness's Prior Consistent Statement to Rehabilitate.** Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:

(1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or

(2) having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness's denial or explanation.

Pa.R.E. 613(c).

Appellant's statement of the question presented does not accurately reflect the trial court's analysis. When this issue arose during trial, Appellant argued that the video was inadmissible under Rule 613(c)(1). **See** N.T., 06/23/2014, at 20-21; N.T., 06/24/2014, at 6-19. The trial court agreed but determined the video was nonetheless admissible under Rule 613(c)(2). N.T., 06/24/2014, at 14 ("If it was just for the motive, [the Commonwealth] is wrong. I mean[,] you [Appellant] are right[,] and I wouldn't let it in."); **see also** Trial Court Opinion at 9 (citing **Commonwealth v. Busanet**, 54 A.3d 35, 66-67 (Pa. 2012). The court expressly stated Appellant's error in its opinion. **See** Trial Court Opinion at 10 ("[Appellant] is mistaken in his claim of error, as this [c]ourt admitted the … [videotaped recording] under Pa.R.E. 613(c)(2).").

Here, Appellant persists in this error. **See** Appellant's Brief at 34 ("Yet, after K.A. testified, the lower court permitted the Commonwealth to play the video as a prior consistent statement *to rebut a charge of recent fabrication*.") (emphasis added). As Appellant's statement of the question is essentially a straw man, we will not address it further.

- 11 -

Appellant briefly acknowledges the basis of the trial court's ruling in the body of its argument. *See* Appellant's Brief at 36-37. However, as Appellant did not argue this point before the trial court and further failed to raise it in his Rule 1925(b) statement, we deem it waived. *See* Pa.R.A.P. 302(a); Pa.R.A.P. 2116. Absent waiver, we note further that Appellant's assertion that the video is "duplicative bolstering," for which he cites in support *Commonwealth v. Jubilee*, 589 A.2d 1112, 1116 (Pa. Super. 1991) ("[P]rior consonant statements of a witness are not admissible to bolster the witness' credibility where the witness has admitted that he or she made prior inconsistent statements."). However, *Jubilee* is no longer apposite, as it preceded the adoption of Rule 613. Pa.R.E. 613 (originally adopted May 8, 1998). Our Supreme Court has recognized this extension of Pennsylvania law expressly. *Commonwealth v. Harris*, 852 A.2d 1168, 1176 (Pa. 2004) (quoting Pa.R.E. 613 *Comment*). Accordingly, Appellant's argument is without merit.

Here, Appellant impeached K.A.'s testimony regarding the frequency and manner of the assaults. K.A. acknowledged that his testimony was inconsistent with his previous statements describing his father's abuse and attempted to explain these discrepancies. N.T., 06/23/2014, at 124, 130-31. The videotape recording supports K.A.'s explanation. *See, e.g.*, Transcript of P.C.A. Forensic Interview, 04/23/2010, at 6. Accordingly, it was admissible under Rule 613(c)(2).

Finally, Appellant suggests the trial court erred further by admitting the entire video, rather than relevant excerpts. Following the court's ruling on admissibility, the following exchange took place:

[**Counsel for Appellant**]: I was going to ask you that we play the whole video to put it in context. I would say there are some things that would normally be objectionable that I would limine out, particularly in the first page of my father – third page, my father used to do identity thefts and they abandoned me in the house, because that came up –

**The Court**: You basically opened it.

[**Counsel for Appellant**]: Right. I agree. And it is what it is. I think that if we are going to play it, that we have to play the whole thing.

N.T., 06/24/2014, at 19. Clearly, following the court's ruling, counsel's strategy was to provide the complete context in which K.A.'s interview occurred. Accordingly, as counsel specifically requested that the entire video be played for the jury, Appellant has waived this issue on appeal. Pa.R.A.P. 302(a).

For the above reasons, we discern no abuse of the trial court's discretion in resolving the evidentiary disputes before it. Accordingly, Appellant is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2015