J-A08013-18

2018 PA Super 190

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                 PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
WILLIAM J. LYNN : No. 1298 EDA 2017

Appeal from the Order April 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003530-2011

BEFORE: PANELLA, J., LAZARUS, J., and STRASSBURGER[*], J.

OPINION BY PANELLA, J.                    **FILED JUNE 28, 2018**

Rule 404 of the Pennsylvania Rules of Evidence prohibits the use of "a crime, wrong, or other act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). After finding the admission of twenty-one instances of "other-acts" evidence unduly prejudiced the jury trial of Appellee, William J. Lynn, a panel of this Court granted Lynn a new trial.

Prior to retrial, the Commonwealth attempted to secure the introduction of nine of these instances of other-acts evidence, for such evidence may be admissible when relevant to another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

_____

[*] Retired Senior Judge assigned to the Superior Court.

mistake, or lack of accident." Pa.R.E. 404(b)(2). The trial court limited the Commonwealth to just three.

The Commonwealth appeals,[1] alleging the introduction of additional other-acts evidence is necessary to prove its case. After concluding that the trial court's decision to limit the introduction of other-acts evidence was within its discretionary powers, we affirm.

Because our Supreme Court has provided a detailed description of the facts underlying this matter in its prior opinion, **Commonwealth v. Lynn**, 114 A.3d 796, 798-808 (Pa. 2015) ("**Lynn II**"), we need not recite the entirety of this case's history here. **See also Commonwealth v. Lynn**, 83 A.3d 434, 437-445 (Pa. Super. 2013) ("**Lynn I**"), *rev'd* **Lynn II** (providing summary of facts and procedural history).

Relevant to the current appeal, Lynn was appointed Associate Vicar in the Office of the Vicar for the Administration in the Archdiocese of Philadelphia in January 1991. As part of his duties as Associate Vicar, Lynn assisted Monsignor James Malloy and served as the Secretary for Clergy for the Archdiocese of Philadelphia from 1992 until 2004. As part of his duties as secretary, Lynn was responsible for receiving and investigating allegations of

---

[1] The Commonwealth has certified that the trial court's order substantially handicaps the prosecution, and that the appeal is not intended for delay purposes. Thus, we may review it. **See** Pa.R.A.P. 311(d); **see also Commonwealth v. Gordon**, 673 A.2d 866, 868 (Pa. 1996) (holding that the denial of a *motion in limine* seeking to admit evidence falls within the rule that the Commonwealth may appeal pretrial orders which terminate or substantially handicap the prosecution).

sexual abuse by priests within the Archdiocese, as well as suggesting placements for, and supervising, priests previously accused of abuse.

In 2011, following a grand jury investigation into claims of sexual abuse by priests and concealment of this abuse by the Archdiocese, Lynn was arrested and charged with two counts of endangering the welfare of children ("EWOC"), 18 Pa.C.S.A. § 4304, and two counts of conspiracy to commit EWOC, 18 Pa.C.S.A. § 903. Lynn's charges arose from allegations that he, in his capacity as Secretary for Clergy, negligently supervised two priests, Reverend Edward V. Avery and Reverend James Brennan.[2] Due to previous complaints, Lynn knew that both Avery and Brennan had been accused of sexually abusing juvenile parishioners. Despite this knowledge, in 1993, Lynn recommended Avery live in the rectory at nearby St. Jerome's Church—a church with a grade school attached. Several years after Avery was placed at St. Jerome's rectory, D.G., a student at St. Jerome's grade school, alleged he had been sexually abused by Avery.[3]

_____

[2] The Commonwealth charged one count each of EWOC and conspiracy to commit EWOC in relation to Lynn's supervision of Avery and Brennan, respectively.

[3] In his brief, counsel for Lynn do not refer to D.G. by his initials, but rather by his full name. D.G. was a minor at the time of the alleged sexual abuse. The use of his full name is prohibited by statute. **See** 42 Pa.C.S.A. § 5988(a) **Release of name prohibited**. We therefore order counsel to file within seven days of this decision a substituted brief redacting D.G.'s full name. Our Deputy Prothonotary has already sealed Lynn's filed brief.

Lynn proceeded to trial on March 26, 2012.[4] As part of its case-in-chief, the Commonwealth introduced other-acts evidence of the Archdiocese's handling of abuse allegations raised against twenty-one other priests.[5] This evidence consumed twenty-five of the thirty-two days the Commonwealth devoted to its case-in-chief. After two months of testimony, the jury convicted Lynn of one count of EWOC, relating to his supervision of Avery.[6] On July 24, 2012, the trial court sentenced Lynn to a term of three to six years' imprisonment.

_____

[4] Initially, Lynn was scheduled to be tried along with co-defendants Avery and Brennan. However, prior to the commencement of trial, Avery pleaded guilty to one count of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123, and one count of conspiracy to commit EWOC. Brennan remained Lynn's co-defendant until the conclusion of the trial.

[5] In our review of the record, as well as previous opinions and memoranda written in his case, we note that the exact number of priests accused of sexual abuse and admitted as other-acts evidence varies between twenty and twenty-one. **Compare Lynn I**, 83 A.3d at 446 (referencing twenty-one other priests), and **Commonwealth v. Lynn**, No. 2171 EDA 2012, at 13, 15, 2015 WL 9320082, at *6 (Pa. Super., filed 12/22/15) (unpublished memorandum) ("**Lynn III**") (discussing allegations leveled against twenty-one other priests), **with Lynn II**, 114 A.3d at 809 (stating trial court permitted Commonwealth to introduce evidence pertaining to twenty other priests). However, the trial court's initial order permitting the introduction of other-acts evidence clearly reveals it permitted the Commonwealth to introduce evidence relating to twenty-one other priests against Lynn. **See** Trial Court Order, 2/6/12. As such, we will utilize this number in our opinion.

[6] Following the conclusion of the Commonwealth's case, the trial court granted Lynn's motion for judgment of acquittal for the conspiracy count related to his supervision of Brennan. Thereafter, in reaching its verdict, the jury acquitted Lynn of the conspiracy count related to his supervision of Avery and the EWOC count related to his supervision of Brennan. The jury failed to reach a verdict on any of the charges leveled against Brennan.

Following a series of appeals, a panel of this Court vacated the judgment of sentence and granted Lynn a new trial upon concluding the trial court abused its discretion by admitting a "high volume of unfairly prejudicial other-acts evidence." **Lynn III**, No. 2171 EDA 2012, at 1, 2015 WL 9320082, at *1. Specifically, the Court found that

> the probative value of the individual portions that made up the large quantity of other-acts evidence in this case differed greatly. A limited portion of that evidence was substantially relevant to, or probative of, permitted uses under Rule 404(b)(2), but far more was only marginally relevant for such purposes. The potential for this evidence to unfairly prejudice [Lynn] was high, both because it involved the sexually abusive acts of numerous priests committed against children over several decades, and because of the high volume of the evidence admitted. Therefore, we conclude that the probative value of that evidence, *in toto*, did not outweigh its potential for unfair prejudice….

**Id**., at 42-43, 2015 WL 9320082, at *20.

Prior to retrial, Lynn filed an omnibus pretrial motion seeking, in part, to exclude all of the other-acts evidence the Commonwealth utilized in the first trial. Lynn maintained that evidence of sexual abuse by Archdiocesan priests, other than Avery, was neither probative nor relevant to proving Lynn's EWOC charge. As Lynn believed the evidence was irrelevant, he claimed that admission of this evidence would, again, unduly prejudice him if presented at trial.

In response, the Commonwealth filed a motion *in limine* seeking the admission of nine[7] of the twenty-one instances of other-acts evidence introduced at Lynn's first trial. Specifically, the Commonwealth sought the admission of evidence related to accusations levied against nine priests within the Archdiocese, claiming the admission of all nine of the instances was necessary to demonstrate the general scheme Lynn created in which he concealed evidence of sexually abusive priests to protect the Archdiocese.

Following a hearing on the matter, the trial court determined that, while the evidence of sexual abuse by these priests was relevant under Rule 404(b), the prejudicial effect of the admission of all nine proffered instances of other-acts evidence on the jury would substantially outweigh its probative value. However, the trial court found the appropriate balance between the probative value of this evidence and its prejudicial effect could be found by allowing the Commonwealth to present other-acts evidence related to sexual abuse claims against Father Robert Brennan, Father Cudemo, and Father Bolesta in its case-in-chief, while excluding other-acts evidence relating to claims against the others. This timely appeal follows.

_____

[7] In its original motion, the Commonwealth sought to introduce twelve of the original twenty-one instances of other-acts evidence. ***See*** Commonwealth's Motion *in Limine* to Admit Evidence of Other Bad Acts Pursuant to Pa.R.E. 404(b), 12/14/16. However, at the hearing on the matter, the Commonwealth withdrew its request to admit evidence relating to three other priests. ***See*** N.T., Hearing, 3/28/17, at 6, 9, 18. The Commonwealth's decision to pursue only nine instances of other-acts evidence is reflected in the trial court's order granting in part, and denying in part, the Commonwealth's motion. ***See*** Order, 4/19/17.

On appeal, the Commonwealth challenges the trial court's decision to limit the introduction of other-acts evidence to the three instances of sexual abuse claims outlined above. Admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. **See Commonwealth v. Arrington**, 86 A.3d 831, 842 (Pa. 2014). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Sitler**, 144 A.3d 156, 163 (Pa. Super. 2016) (*en banc*) (citation omitted).

Relevance is the threshold for admissibility of evidence. **See Commonwealth v. Cook**, 952 A.2d 594, 612 (Pa. 2008). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." **Commonwealth v. Drumheller**, 808 A.2d 893, 904 (Pa. 2002) (citation omitted). "All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402.

One such law that limits the admissibility of relevant evidence is Rule 404. Under Rule 404, evidence of "a crime, wrong, or other act" is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, this evidence may be admissible when relevant for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge,

identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). "In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2).

Here, the trial court did not analyze each of the Commonwealth's nine proffered instances of other-acts evidence to determine if the evidence was relevant for another purpose under Rule 404(b)(2). Instead, the trial court presumed that prior rulings had adjudicated all nine of these instances of other-acts evidence relevant to proving one of the categories set forth in Rule 404(b)(2). **See** Trial Court Opinion, 8/4/17, at 4 (citing **Lynn III** for the notion that "merely crossing the threshold of demonstrating that other-acts evidence was probative of some Rule 404(b)(2) category does not by itself, demonstrate admissibility.")[8] The Commonwealth does not challenge the trial court's presumption. Indeed, the crux of the Commonwealth's appeal is its contention that the trial court abused its discretion in conducting this balancing test and excluding six of the nine proffered instances of other-acts

_____

[8] While the trial court appears to believe that **Lynn III** ruled each of the twenty-one acts offered by the Commonwealth (and subsequently, the nine acts the Commonwealth derived from the original twenty-one acts) at least minimally probative of a permissible Rule 404(b)(2) category, we note that this Court in **Lynn III** did *not* analyze these acts to determine their relevance to the categories. **See Lynn III**, No. 2171 EDA 2012, at 15, 2015 WL 9320082, at *8 ("For the purposes of this analysis, we *assume* that each of the 21 instances of other-acts evidence served at least some minimal probative value with regard to the permissible categories set forth in Rule 404(b)(2)….") (emphasis added).

evidence because the evidence excluded is "highly probative and not improperly prejudicial." Commonwealth's Brief, at 13. Therefore, we shall confine our review to the balancing test the trial court performed, between the probative value of the other-acts evidence and the potential for that evidence to unfairly prejudice Lynn at the new trial.[9]

The prior panel of this Court in *Lynn III* aptly summarized the balancing test the trial court must employ to determine if the probative value of Rule 404(b) evidence outweighs its prejudicial nature. The panel explained that

> [m]erely crossing the threshold of demonstrating that other-acts evidence was probative of some Rule 404(b)(2) category does not, by itself, demonstrate admissibility. "In a criminal case this evidence is admissible *only* if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2) (emphasis added). In this context, "'[u]nfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." *Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007).
>
> Often cited in conjunction with this balancing test, as invoked by the trial court in this case, is our Supreme Court's

---

[9] Similar to the ruling made by the trial court originally in relation to the other-acts evidence, the trial court here ruled on the other-acts evidence by balancing its collective probative value against its collective prejudice. *See* Trial Court Opinion, 8/4/17, at 3-4 ("On balance, the nine . . . instances, cumulatively would be excessive[,] would have minimal relevance to Lynn's conduct, and would unduly prejudice [Lynn]"). Because the Commonwealth does not specifically claim that the trial court erred by treating this evidence collectively, and fails to adequately justify the admission of the evidence on a case-by-case basis, once again, as in *Lynn III*, No. 2171 EDA 2012, at 16, 2015 WL 9320082, at *8, "we will review the trial court's admission of the totality of this evidence in kind."

elucidation on the topic of prejudice in **Commonwealth v. Lark**, 543 A.2d 491 (Pa. 1988):

> Not surprisingly, criminal defendants always wish to excise evidence of unpleasant and unpalatable circumstances surrounding a criminal offense from the Commonwealth's presentation at trial. Of course, the courts must make sure that evidence of such circumstances have some relevance to the case and are not offered solely to inflame the jury or arouse prejudice against the defendant. The court is not, however, required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged, as appellant would have preferred.

**Id**. at 501.

> Naturally, as the **Lark** Court suggests, relevant evidence of [Lynn's] culpability for the charged offenses should not be excluded merely because it tends to demonstrate his guilt. However, our Supreme Court has also advised that, "to be admissible under the [motive] exception, evidence of a distinct crime, *even if relevant to motive*, 'must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances.'" **Commonwealth v. Roman**, 351 A.2d 214, 218-219 (Pa. 1976) (emphasis added). Thus, we must not forget that the rule being applied is that other-acts evidence is by default inadmissible *unless* a Rule 404(b)(2) category or similar justification applies, *and* the probative value of that evidence outweighs its *potential* for prejudice. The burden is on the party seeking admission to demonstrate the applicability of the exception to the general rule; in this case, that burden fell on the Commonwealth. There is no presumption of admissibility of other-acts evidence merely because it is somewhat relevant for a non-propensity purpose.

**Lynn III**, No. 2171 EDA 2012, at 29-30, 2015 WL 9320082, at *14 (emphasis in original).

- 10 -

Turning to the Commonwealth's assertion that the trial court erred in failing to find the excluded evidence "highly probative," the Commonwealth contends that the additional evidence is "highly relevant" to establishing the important aspects of the supervisory plan Lynn devised and executed. The Commonwealth attempts to bolster this argument by asserting that, without the additional evidence to firmly establish the existence of a criminal element, it would be unable to establish that Lynn *knowingly* violated a duty of care, and therefore unable to establish all of the elements in EWOC.[10] And the Commonwealth argues that the exclusion of this evidence not only undermines its argument that Lynn operated pursuant to a criminal plan, but improperly allows Lynn to argue that his actions were the result of a mistake.

The trial court determined that the other-acts evidence pertaining to Bolesta, Brennan, and Cudemo would "adequately cover the area the Commonwealth sought to establish[.]" Trial Court Opinion, 8/4/17, at 5. And the trial court found that "the Commonwealth's goal to show knowledge, and

---

[10] For the purposes of Lynn's case, the Commonwealth is operating under the EWOC statute, effective from 1995 through 2004, which defined the offense as follows: "A parent, guardian or other person supervising the welfare of a child under 18 years of age commits a misdemeanor of the second degree if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. § 4304(a). Our Supreme Court previously found that Lynn, in his position as Secretary for Clergy, owed the children a duty to protect them from sexual predator priests. ***See Lynn II***, 114 A.2d at 819.

refute an isolated mistake on the part of Lynn could be established with the three [instances of other-acts evidence] that were permitted." *Id*., at 4.

The Commonwealth argues that the trial court's decision to limit its other-acts evidence to three instances inadequately reveals the details of the criminal plan Lynn devised. However, the Commonwealth completely fails to demonstrate how its burden to prove the details of Lynn's alleged criminal plan can only be satisfied by the inclusion of the six additional instances of other-acts evidence. In fact, in its brief, the Commonwealth admits that the same pattern or criminal scheme it finds imperative in the six excluded instances "can be perceived in the three cases the lower court did decide to allow[.]" Commonwealth's Brief, at 9 n.3. Given this, we cannot fault the trial court for concluding that the excluded evidence is cumulative and, thus, of dubious additional probative value.

Additionally, the Commonwealth contends the exclusion of these six acts would prevent it from proving the "knowledge" element of EWOC. In support, the Commonwealth relies heavily upon our decision in ***Hutchinson ex. rel Hutchinson v. Luddy***, 763 A.2d 826 (Pa. Super. 2000), *vacated on other grounds* ***Hutchinson ex. rel. Hutchinson v. Luddy***, 870 A.2d 766 (Pa. 2005).

In ***Hutchinson***, a plaintiff who, as a child, was sexually abused by a priest, brought a civil action against both the priest and parties involved in the church's hierarchy ("Diocesan Parties"). ***See*** 763 A.2d at 829. Hutchinson

claimed that the Diocesan Parties negligently supervised the priest and in response the trial court ruled that Hutchinson could introduce eleven instances of how the Diocesan Parties handled sexually abusive priests. **See id**., at 829-830. Following an appeal by the Diocesan Parties, a panel of this Court found that the trial court did not abuse its discretion in admitting this evidence because it was relevant to establishing that the Diocesan Parties had dealt with these issues before and therefore should have been aware of the priest's behavior in this instance. **See id**., at 843, 845.

The Commonwealth invites us to read **Hutchinson** to require the admission of extensive evidence of other bad acts in order to prove knowledge, and to prevent claims that Lynn had no knowledge of Avery's danger to children. The Commonwealth's interpretation of **Hutchinson** is misguided. We did not hold in **Hutchinson** that extensive evidence was required to prove knowledge—only that the evidence was relevant to proving knowledge. **See id**., at 845. We did not hold that the admission of extensive evidence of other bad acts is required to defeat a defense of lack of knowledge. Our ruling in **Hutchinson** focused on the conclusion that the trial court did not abuse its broad discretion in determining that the eleven instances were highly relevant, and that the probative value of the evidence outweighed any prejudicial effect.

In this case, given our standard of review, we cannot find that the trial court abused its discretion in limiting the evidence of other acts simply

because the trial court in **Hutchinson** weighed the evidence differently. The trial court here found that the six excluded instances of other-acts evidence were only *minimally relevant* as proof of Lynn's conduct. The record simply does not support a finding that this was an abuse of discretion.

Moving to the next portion of the balancing test, the Commonwealth argues "the excluded evidence carries virtually no risk of improper prejudice." Commonwealth's Brief, at 20-23. Specifically, the Commonwealth notes that improper prejudice is not plausible in this case because the other acts the Commonwealth is seeking to admit do not consist of crimes previously committed by Lynn, but rather crimes committed by Lynn's supervisees.

This argument is specious. Indeed, the previous panel, in examining the *exact same evidence,* found that "the potential for unfair prejudice was great when the court admitted evidence of the sexual molestation of children at the hands of sexually deviant priests other than those directly at issue in the case at hand." **Lynn III**, No. 2171 EDA 2012, at 32, 2015 WL 9320082, at *15. Though the Commonwealth now seeks to admit fewer instances of other-acts evidence, we cannot ignore our prior determination that the prejudicial nature of the proffered other-acts evidence is great and readily apparent.[11]

---

[11] We direct the interested reader to **Lynn III**, No. 2171 EDA 2012, at 28-36, 2015 WL 9320082, at *14-*16, for a complete discussion of the potential prejudicial nature of the other-act evidence the Commonwealth seeks to introduce.

Because we find no error in the trial court's determination that the six excluded instances of other-acts evidence were marginally probative but highly prejudicial, we cannot find that the trial court abused its discretion by excluding these instances pursuant to the balancing test.

Order affirmed. Counsel for Lynn directed to file substituted brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/18