J-S62021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERROL SHIELDS | : | |
| | : | |
| Appellant | : | No. 3321 EDA 2016 |

Appeal from the PCRA Order Entered September 29, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009551-2009

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED DECEMBER 19, 2018**

Errol Shields appeals from the order entered September 29, 2016, dismissing his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. As the PCRA court correctly determined that Shields' claims of ineffective assistance of counsel are without merit, we affirm.

We have previously stated the underlying facts as follows:

On June 18, 2009, around 11:00 p.m., Braheem Bailey (Victim), answered the front door to his home on South 52nd Street in Philadelphia and was shot in the neck by two men. Police and paramedics responded immediately. Victim initially refused medical attention, but was eventually convinced to go to the hospital due to the life-threatening nature of his injury. At the hospital, Victim described the shooting to police, but was unwilling to identify the individuals who shot him.

The day after the shooting, Victim gave a statement to homicide detectives wherein he identified Maliek Stroud and [Shields] as the shooters. Victim, a drug dealer, indicated that he was in a long-running territorial dispute with Stroud and that Stroud and

[Shields] shot him because Victim refused to stop dealing drugs on Stroud's "turf." Victim identified both Stroud and [Shields] from approximately 130 photographs provided to him by police. Victim signed the photographs and his statement. [Shields] was subsequently arrested for his involvement in the shooting and charged …. Stroud was also arrested and charged.

[Shields'] case was joined with Stroud's and both proceeded to jury selection on May 18, 2010. After the jury was empaneled, Stroud decided to plead guilty. [Shields] immediately moved for a new jury. This request was denied by the trial court. [Shields'] case proceeded to trial with the previously-selected jury.

At trial, Victim recanted his statement insofar as it implicated [Shields]. Victim testified that he lied to homicide detectives regarding [Shields'] alleged involvement in the shooting and refused to make an in-court identification of [Shields]. Nonetheless, the jury found [Shields] guilty of criminal conspiracy to commit homicide, aggravated assault, criminal conspiracy to commit aggravated assault, prohibited possession of a firearm, and possession of a firearm without a license.[1]

On July 20, 2010, [Shields] was sentenced to an aggregate term of twelve to twenty-five years' incarceration. [Shields] timely filed a post[-]sentence motion challenging the sufficiency and weight of the evidence, and alleging a due process violation based on the trial court's refusal to empanel a new jury after Stroud pled guilty. The trial court denied [Shields'] motion on July 30, 2010.

*Commonwealth v. Shields*, 69 A.3d 1299, at *1 (Pa.Super. 2013) (unpublished memorandum). Shields timely appealed, and this Court affirmed the judgment of sentence. *Id.* at *9. Shields did not seek further appellate review.

In May 2013, Shields *pro se* filed a petition for collateral relief. PCRA Petition, 05/29/2013. Counsel was appointed and filed an amended petition in

___

[1] 18 Pa.C.S. §§ 903 (2502(a)), 2702(a), 903 (2702(a)), 6105, and 6106, respectively.

- 2 -

March 2015, asserting ineffective assistance of counsel. Amended PCRA Petition, 03/06/2015, at 3. The PCRA court conducted a hearing in January 2016. Thereafter, in September 2016, the court issued an order from the bench dismissing Shields' petition. *See* Notes of Testimony (N.T.), September 29, 2016, at 3.

Shields timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion. *See* PCRA Court Opinion, filed December 11, 2017.

Shields raises the following issues on appeal:

[1.] Whether the [c]ourt erred in denying [Shields'] PCRA petition without an evidentiary hearing on the [sic] **all** of the issues raised in the amended PCRA petition regarding [c]ounsel's ineffectiveness.

[2.] Whether the [c]ourt erred in not granting relief on the PCRA petition alleging prior [c]ounsel was ineffective.

Shields' Br. at 8 (emphasis in original).

Shields asserts three claims that his prior counsel, Derrick Coker, Esq., who represented him at both the trial and direct appeal stages, was ineffective. According to Shields, counsel was ineffective for: (1) failing to interview or investigate alibi witnesses; (2) failing to preserve an appellate claim that the trial court erred in admitting evidence of his co-conspirator's prior bad acts; and (3) failing to preserve an appellate claim challenging discretionary aspects of his sentence. *See* Shields' Br. at 17, 20, 21. In

addition, Shields asserts that the PCRA court erred in limiting its evidentiary hearing to the first of these claims. *Id.* at 15.[2]

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by record evidence and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa.Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa.Super. 2010)). Further, we may affirm the PCRA court's decision on any grounds if the record supports it. *See Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa.Super. 2014).

Shields asserts that his prior counsel was ineffective. To be eligible for relief for an ineffectiveness claim, a petitioner must establish that counsel's deficient performance "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must

---

[2] For ease of analysis, we will address the court's decision to limit the evidentiary hearing in the context of Shields' substantive claims.

demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012). A claim will be denied if the petitioner fails to meet any one of these prongs. **See Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa.Super. 2016) (citing **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009)). In particular, it is well settled that "[c]ounsel cannot be deemed ineffective for failing to pursue a meritless claim." **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa.Super. 2003) (*en banc*).

The PCRA court did not grant Shields an evidentiary hearing on his second and third claims of ineffective assistance. There is no absolute right to an evidentiary hearing. **See Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). "[T]o entitle himself to a hearing, [a petitioner] must raise an issue of fact, which, if resolved in his favor, would justify relief." **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013) (citation omitted). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." **Springer**, 961 A.2d at 1264.

In his first claim, Shields asserts that counsel was ineffective for failing to interview or investigate two witnesses, Danielle Mitchell and Barbara Mitchell, to support an alibi defense. **See** Shields' Br. at 17-20. "A claim that trial counsel did not conduct an investigation or interview known witnesses

presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. ***Commonwealth v. Stewart***, 84 A.3d 701, 712 (Pa.Super. 2013) (citing, *inter alia*, ***Commonwealth v. Perry***, 644 A.2d 705 (Pa. 1994); ***Commonwealth v. Jones***, 437 A.2d 958 (Pa. 1991)).[3]

> In considering this claim, the PCRA court reasoned as follows:

> Here, the claims of [Shields] that … counsel was ineffective for failing to call alibi witnesses are without merit. Although the potential alibi witnesses existed, were available and, perhaps, willing to testify for the defense, … counsel was not informed and could not have been aware of these witnesses' existence. By [Shields'] own admission, he did not disclose the names of the witnesses to his own counsel. The witnesses were not in contact with the police and made no assertive effort to speak with [counsel]. It becomes difficult to imagine how [counsel] would be expected to know of the witness[es'] existence when they are not listed in police reports, [Shields] himself does not provide names or contact information, and the witnesses themselves did not make any meaningful attempt to reach out to … counsel.

PCRA Ct. Op. at 11-12.

The PCRA court's analysis is supported by the record. ***See generally*** Notes of Testimony (N.T.), 01/20/2016, at 4-71. In particular, Shields conceded that he never identified any alibi witnesses for his counsel. ***Id.*** at

---

[3] As noted by Shields, "[n]eglecting to call a witness differs from failing to investigate a witness." Shields' Br. at 18 (citing ***Commonwealth v. Dennis***, 950 A.2d 945, 960 (Pa. 2008)); ***see also, e.g.***, ***Simpson***, 66 A.3d at 271 (outlining the requirements to establish a claim that counsel was ineffective for failing to call witnesses).

10. As counsel was unaware of any potential alibi witnesses prior to trial, Shields' claim is without arguable merit. **See Stewart**, 84 A.3d at 712.

In his second claim, Shields asserts that counsel was ineffective for failing to preserve an appellate claim that the trial court had erred in admitting evidence of his co-conspirator's prior bad acts. **See** Shields' Br. at 20-21.[4] According to Shields, evidence of Stroud's territorial disputes with the Victim were "prejudicial" and "likely persuaded the jury to convict [Shields]." **Id.** at 20. Shields suggests that counsel's error was particularly egregious because co-conspirator Stroud had already pleaded guilty. **Id.** at 21.

The admissibility of evidence is left to the sound discretion of the trial court, and we will not disturb the court's decision absent an abuse of that discretion. **See Commonwealth v. Lynn**, 192 A.3d 165, 169 (Pa.Super. 2018). In this context, "[a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Id.** (citation omitted).

Though generally prohibited, evidence of prior bad acts may be admissible to demonstrate "motive, opportunity, intent, preparation, plan,

---

[4] Prior counsel challenged the admission of this evidence before the trial court. **See** Shields' Br. at 12; Post-Sentence Motion, 07/30/2010, at 2. Thereafter, counsel sought to raise this claim on direct appeal. **Shields**, 69 A.3d 1299, at *3. We deemed it waived for failure to preserve it in a Pa.R.A.P. 1925(b) statement. **Id.**

knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). This list of permissible grounds for admissibility is not exclusive. For example, our Supreme Court has also recognized the *res gestae* exception, "which allows admission of other crimes evidence when relevant to furnish the context or complete story of the events surrounding a crime." **Commonwealth v. Williams**, 936 A.2d 12, 31 (Pa. 2007) (citations omitted).

If there are grounds to admit evidence of prior bad acts, the court must balance its probative value against its potential for unfair prejudice. **See** Pa.R.E. 404(b)(2). "[U]nfair prejudice means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." **Lynn**, 192 A.3d at 170 (quoting **Commonwealth v. Dillon**, 925 A.2d 131, 141 (Pa. 2007)).

Here, the trial court admitted a statement from the victim suggesting that he and Stroud were involved in an ongoing dispute over drug territory. **See Shields**, 69 A.3d 1299, at *1. This evidence was highly probative; not only did it help establish a motive for the attempted murder, it was also relevant to provide context to the events surrounding Shields' crimes. **See Williams**, 936 A.2d at 31; Pa.R.E. 404(b)(2). Moreover, as noted by the PCRA court, this evidence did not directly implicate Shields in past criminal conduct, nor was it graphic or inflammatory. **See** PCRA Ct. Op. at 6-7. Thus, we agree with the PCRA court's conclusion that Shields did not suffer unfair prejudice by its admission. **See id.** at 7.

We also reject Shields' assertion that this evidence was inadmissible because Stroud had pleaded guilty prior to Shields' trial. Shields was charged with conspiracy. Therefore, evidence of Stroud's ongoing dispute with the victim explained why Stroud would enlist another in confronting the victim. *See Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa. Super. 2002) ("The conduct of the parties and the circumstances surrounding their conduct" are relevant). Accordingly, Shields' second claim is without merit.

Further, we discern no genuine issue of material fact relevant to this claim that would require an evidentiary hearing, nor does Shields identify one. *See* Shields' Br. at 15-16. Accordingly, the PCRA court did not err when it denied Shields relief without an evidentiary hearing. *See Simpson*, 66 A.3d at 261; *Springer*, 961 A.2d at 1264.

In his third claim, Shields asserts that counsel was ineffective for failing to preserve an appellate claim challenging discretionary aspects of his sentence. *See* Shields' Br. at 21-26.[5] Shields suggests several bases for such a challenge. According to Shields, there was a lack of evidence that he inflicted serious bodily injury. *Id.* at 22. In a related argument, Shields also suggests that "the sentencing court impermissibly relied on [Shields'] alleged involvement in [Victim's] shooting, which he was not found guilty of [sic]."

---

[5] Shields sought to challenge discretionary aspects of his sentence on direct appeal. *Shields*, 69 A.3d 1299, at *3-4. However, we found the claim waived for failure to preserve it in a Pa.R.A.P. 2119(f) statement. *Id.*

*Id. at* 25. Finally, according to Shields, the sentencing court failed to adequately assess evidence that he is capable of rehabilitation. *Id.* at 24-25.

We summarily reject Shields' suggestion that evidence adduced at trial failed to establish that Victim suffered a serious bodily injury. *See Shields*, 69 A.3d 1299, at *3 n.3 (adopting trial court's assessment that "the jury convicted [Shields] of aggravated assault and the infliction of serious bodily injury was an element of the crime."). Moreover, Shields' related argument—that the sentencing court impermissibly relied on Shields' involvement in the attempted murder—is devoid of merit. The record is quite clear that Shields was not acquitted of the charges against him. *Id.*

As for Shields' remaining sentencing claim, we briefly note the following. Before reviewing the merits of any challenge to discretionary aspects of a sentence, we must determine whether an appellant has raised a substantial question that the sentence imposed is inappropriate under the sentencing code. *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002). Here, Shields suggests the sentencing court "failed to adequately assess" certain mitigating facts indicative of his propensity for rehabilitation. *See* Shields' Br. at 24-25 (noting his desire to be a parent to his children, his absent parents, and a supportive girlfriend). As noted by the PCRA court, we have determined previously that such claims do not raise a substantial question. *See* PCRA Ct. Op. at 8 (citing *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa.Super. 2010)); *see also, e.g.*, *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (noting claim that court failed to consider mitigating factors does

- 10 -

not raise a substantial question, especially where court had benefit of presentence investigation report). Accordingly, Shields' third claim is without merit. Moreover, no evidentiary hearing was necessary to ascertain its merits. *See Simpson*, 66 A.3d at 261; *Springer*, 961 A.2d at 1264.

For these reasons, Shields' claims of ineffective assistance of counsel are meritless. Accordingly, he is entitled to no relief. *Loner*, 836 A.2d at 132.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/18