J-A05018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL MIGUEL VELAZQUEZ | : | No. 849 EDA 2022 |

Appeal from the Orders Entered March 1, 2022 and March 11, 2022,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s):  CP-48-CR-0003182-2020.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 31, 2023**

The Commonwealth appeals two pretrial orders precluding evidence from being admitted at a domestic violence trial against Angel Miguel Velazquez: (1) evidence about a prior alleged incident of domestic violence and (2) expert testimony from Dr. Veronique Valliere.  We affirm in part and reverse in part.

On October 28, 2020, Bethlehem Police Officer Jeremy Banks filed a criminal complaint against Velazquez, charging him with strangulation, two counts of simple assault, harassment, terroristic threats, and recklessly endangering another person[1] committed "on or about 10/28/2020 at 1135

---

[1] 18 Pa.C.S.A. §§ 2718(a)(1), 2701(a)(1) and (3), 2709(a)(4), 2706(a)(1), and 2705, respectively.

hours." Police Criminal Complaint, 10/28/20, at 1. The affidavit of probable cause provided, in relevant part:

> 4. On 10/28/2020 at 1135 hours I was dispatched to [Velazquez's address] for a report of a male threatening to shoot his wife. Upon arrival, I spoke with the [complainant] who stated that she was going to lunch at the Apollo restaurant when [Velazquez] showed up. The [complainant] stated that [Velazquez] opened the passenger door to the vehicle and verbally demanded her to get in the car. The [complainant] stated that she got in the vehicle in fear of [Velazquez] harming her.
>
> 5. The [complainant] stated that after she entered the vehicle, [Velazquez] began to drive to his residence []. The [complainant] stated that [Velazquez] threatened and stated that he was going to point a gun to her head and have her kill her friend and that he was going to "blow her brains out" after she did. The [complainant] stated that after they arrived at [Velazquez's] residence[,] he went upstairs and opened his gun safe (located in his bedroom). The [complainant] stated that [Velazquez] pulled out his "AR-15" and began to load a magazine with ammunition. I observed a small black clip (located on the ground in front of the safe) that is commonly used to assist in loading magazines.
>
> 6. The [complainant] later stated that [Velazquez] "slammed" her head against the wall on 10/17/2020 about 5 times. The [complainant] stated that [Velazquez] wrapped his hands around her neck and strangled her, causing her to lose her vision (momentarily) and her ability to breath[e]. The [complainant] stated that this lasted more than a few seconds.

*Id.* at 5–6.

The charges were held for court, and the case was listed for trial. Prior to jury selection, on February 28, 2022, the Commonwealth moved to amend the information to include the date of the earlier strangulation incident. Velazquez objected. The trial court denied the Commonwealth's motion, effectively severing the charges into two cases: one case for the earlier

incident and one case for the later incident. The Commonwealth elected to first try the charges stemming from the later incident on October 28, 2020: terroristic threats, simple assault, and harassment.

The Commonwealth then moved to introduce evidence of the earlier incident at the trial for the later incident. The trial court denied the motion. Velazquez moved to preclude testimony by the Commonwealth's domestic violence expert, Dr. Valliere, at his trial. The court took Velazquez's motion under advisement and granted it by order entered March 1, 2022.

The Commonwealth timely appealed these pretrial orders.[2] The Commonwealth and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

The Commonwealth presents two issues for review:

> I. Did the trial court abuse its discretion by precluding the Commonwealth from introducing prior domestic abuse involving the same victim which occurred less than two weeks before the incident at issue pursuant to Pa.R.E. 404(b)?
>
> II. Did the trial court abuse its discretion by precluding the Commonwealth from introducing Dr. Valliere's expert testimony regarding general dynamics of domestic violence and victim responses to domestic violence pursuant to 42 Pa.C.S.A. § 5920?

---

[2] The Commonwealth filed one notice of appeal from the orders entered March 1 and 11, 2022, certifying that the "February 28, 2022 and March 1, 2022 orders substantially handicap the prosecution." Notice of Appeal, 3/16/22. After this Court issued a rule to show cause, the Commonwealth filed an amended notice of appeal with the correct dates in its certification. Our research has revealed no law requiring separate notices of appeal for challenges to multiple orders at one docket number. Accordingly, the caption for this memorandum reflects the dates of both trial court orders.

Commonwealth's Brief at 4 (reordered, capitalization omitted).

Both issues challenge pretrial evidentiary rulings. The following principles frame our review:

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion. Instead, an abuse of discretion occurs only where the trial court has reached a conclusion that overrides or misapplies the law, or when the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias or ill-will. Further, to the extent we are required to review the trial court's conclusions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Cook***, 231 A.3d 913, 919 (Pa. Super. 2020) (quotations and citations omitted). Where a court has provided a reason for its pretrial ruling, "our scope of review is limited to an examination of the trial court's stated reason for its decision to preclude the admission of the evidence in the Commonwealth's case-in-chief." ***Commonwealth v. Dillon***, 863 A.2d 597, 600 (Pa. Super. 2004) (*en banc*) (citing ***Commonwealth v. Minerd***, 753 A.2d 225, 229 (Pa. 2000)).

## I.    Velazquez's Prior Acts

We first address the trial court's order *in limine* excluding evidence of the October 17, 2020 incident at the trial for the October 28, 2020 incident. In doing so, we do not question the trial court's earlier decision to sever the two trials. *See **Commonwealth v. Smith***, 544 A.2d 943, 945 (Pa. 1988)

(citing **Commonwealth v. Saunders**, 394 A.2d 522 (Pa. 1978)) (holding that the Commonwealth cannot appeal a severance order).

In general, all relevant evidence is admissible, and evidence that is not relevant is inadmissible. Pa.R.E. 402. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable[,] or supports a reasonable inference or presumption regarding a material fact." **Commonwealth v. Lynn**, 192 A.3d 165, 169 (Pa. Super. 2018) (quoting **Commonwealth v. Drumheller**, 808 A.2d 893, 904 (Pa. 2002)).

Rule 404 limits the admissibility of certain relevant evidence.

(b) **Other Crimes, Wrongs, or Acts.**

(1) *Prohibited Uses*. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1), (2).

As to the balancing test in Rule 404(b)(2), our Supreme Court explained that "the courts must make sure that evidence of such circumstances have some relevance to the case and are not offered solely to inflame the jury or arouse prejudice against the defendant." **Commonwealth v. Lark**, 543 A.2d 491, 501 (Pa. 1988). However, a court is not required to sanitize the trial by

eliminating all unpleasant, yet relevant, facts from the jury's consideration. **_Id._**

Here, the trial court acknowledged that evidence of other acts may be admissible to show the history of the case (known as *res gestae*) and that "in domestic violence cases, evidence of prior abuse between the parties is 'admissible to establish motive, intent, malice, or ill-will.'" Trial Court Opinion, 5/23/22, at 9–10 (quoting **_Commonwealth v. Ivy_**, 146 A.3d 241, 251–52 (Pa. Super. 2016)). However, it found that the earlier incident was too remote to constitute *res gestae* and would not establish any other Rule 404(b) exception based on the facts of the case. **_Id._** at 10. The trial court rejected the Commonwealth's argument that it needed the prior incident to explain why the complainant got in Velazquez's car, as "this has nothing to do with the elements of the offenses charged." **_Id._** at 10–11. Furthermore, the trial court reasoned that the probative value of the evidence would not outweigh the potential for unfair prejudice:

> The instant trial of the events of October 28, 2020, involves verbal threats and intimidation with a gun. If the jury were to hear evidence that [Velazquez] strangled the [complainant] and slammed her head into a wall on October 17, 2020, he would have little chance for a fair trial, and the court's decision to deny the Commonwealth's motion to join the offenses for trial would be rendered moot.

**_Id._** at 11.

Upon review, we find no abuse of discretion. The trial court first concluded that evidence of the earlier incident was not relevant because it had "nothing to do with the elements of the offenses charged" in the later

- 6 -

incident.[3]  ***Id.***  We disagree with this relevance determination; relevance is not defined so narrowly under Rule 401.  For example, although motive is not an element of an offense, evidence of motive is expressly permitted under Rule 404(b)(2).  Therefore, this evidence may be relevant.

However, the trial court also relied on the Rule 404(b)(2) balancing test as an alternative basis to exclude this evidence.  The trial court accurately observed that the prior offense involved more serious allegations than the later offense and was separated by a substantial time period.  As such, the court was within its discretion to find that the evidence of the prior offense could inflame the jury and arouse unfair prejudice against Velazquez, and that this prejudice outweighed the probative value of the evidence under the Rule 404(b)(2) balancing test.  Therefore, we will affirm the trial court's exclusion of evidence of Velazquez's earlier acts.[4]

## II.    Dr. Valliere's Testimony

We next address the trial court's pretrial ruling to exclude expert testimony from Dr. Veronique Valliere, which the Commonwealth offered

---

[3] The trial court followed similar logic in excluding potential defense evidence, such as a recent photograph of the complainant and Velazquez hugging each other.  N.T., 2/28/22, at 16–18.

[4] We note that the trial court still retains discretion to revisit its ruling based on what might occur at trial.  ***Commonwealth v. Hicks***, 91 A.3d 47, 54 n.9 (Pa. 2014).

under Section 5920 of the Judicial Code. Section 5920 provides for the qualifications and use of expert witnesses in domestic violence cases:

> (1) In a criminal proceeding subject to this section, a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to . . . domestic violence, that will assist the trier of fact in understanding the dynamics of . . . domestic violence, victim responses to . . . domestic violence and the impact of . . . domestic violence on victims during and after being assaulted.
>
> (2) If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors.
>
> (3) The witness's opinion regarding the credibility of any other witness, including the victim, shall not be admissible.
>
> (4) A witness qualified by the court as an expert under this section may be called by the attorney for the Commonwealth or the defendant to provide the expert testimony.

42 Pa.C.S.A. § 5920(b). This section was amended in 2021, broadening its scope to include domestic violence cases. It is not disputed in this appeal that Section 5920 applies to this domestic violence case, which was alleged to have occurred before the amendment to the statute. Trial Court Opinion, 5/23/22, at 12 n.5.[5] However, the trial court explained that Dr. Valliere's testimony

---

[5] The trial court rejected Velazquez's *ex post facto* argument because "the legislature is always free to change the rules governing competency of witnesses and admissibility of evidence." Trial Court Opinion, 5/23/22, at 12 n.5 (quoting **Commonwealth v. Newman**, 633 A.2d 1069, 1071 (Pa. 1993)). **See also Commonwealth v. Allshouse**, 36 A.3d 163, 185–88 (Pa. 2012) (finding no *ex post facto* violation from an enlargement of the class of witnesses competent to testify at trial in a criminal matter).

- 8 -

was not relevant and that its probative value was outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. *Id.* at 11–14.

Section 5920 "explicitly provides that a properly qualified expert may testify to facts and opinions regarding specific types of victim responses and behaviors in certain criminal proceedings," including domestic violence cases, provided the expert does not offer opinions on the credibility of witnesses. ***Commonwealth v. Jones***, 240 A.3d 881, 897 (Pa. 2020). In this way, the statute itself addresses the relevance of such expert testimony. ***See Commonwealth v. Cramer***, 195 A.3d 594, 605–06 (Pa. Super. 2018).

Initially, we observe that this Court has affirmed the admission of Dr. Valliere's testimony in at least one other case. ***See id.*** at 608. In ***Cramer***, the defendant argued that Dr. Valliere invaded the province of the jury as judge of credibility and bolstered the complainant's credibility. ***Id.*** Noting that Section 5920(b)(3) expressly prohibits such testimony, we found no violation where Dr. Valliere did not know the facts of the case and the Commonwealth asked only general and generic questions. ***Id.***; ***see Jones***, 240 A.3d at 896–97 (holding that whether testimony under Section 5920 invades the province of the jury is a case-by-case determination).

Turning to the instant case, we conclude that the trial court abused its discretion by excluding Dr. Valliere's testimony. First, the court erred by concluding that the testimony would not be relevant. The statute permits an expert witness to testify in a domestic violence case without discussing the facts of the underlying allegations. 42 Pa.C.S.A. § 5920(a)(3); ***see Jones***,

- 9 -

*supra*.  Thus, the relevance of Dr. Valliere's testimony arises from Velazquez being charged with a domestic violence offense, not from the complainant's behaviors.  Even if Dr. Valliere testifies to behaviors that the complainant did not exhibit, this could still assist the jury by educating it about the behaviors of domestic violence victims generally.

Second, the trial court erred by concluding that the proposed testimony would invade the province of the jury as judge of credibility, or that it would otherwise have its probative value outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.  Section 5920(b)(3) prohibits an expert witness from giving an opinion of the credibility of any other witness.  Dr. Valliere's report comports with this requirement, stating multiple times that Dr. Valliere will not address credibility.  While the trial court expressed concern that the Commonwealth would use Dr. Valliere's testimony as an end run around its severance ruling, Dr. Valliere does not know about the underlying allegations of either incident.  She therefore cannot testify about the facts of the case.  It is up to the jury to determine whether any of the "counterintuitive" victim behaviors in the report occurred in the case at bar.  As in *Cramer*, Dr. Valliere is able to provide general testimony that does not invade the province of the jury.  Therefore, it is error to entirely preclude Dr. Valliere's testimony.[6]

_____

[6] Again, we note that the trial court still has discretion to limit the testimony of Dr. Valliere if the testimony exceeds the bounds of Section 5920.  *Hicks*,
*(Footnote Continued Next Page)*

- 10 -

Order excluding evidence of Velazquez's prior acts affirmed. Order excluding testimony under 42 Pa.C.S.A. § 5920 reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2023

---

**supra**; **Jones**, **supra**. However, the trial court exceeded its discretion by categorically excluding all testimony of Dr. Valliere where the admissibility of such evidence is authorized by statute.